STATE of Wisconsin, Plaintiff-Respondent,

v.

Arthur C. LIST, Defendant-Appellant.†

Court of Appeals

*No. 03–3149–CR. Submitted on briefs August 5, 2004.—Decided November 24, 2004.*

2004 WI App 230

(Also reported in 691 N.W.2d 366.)

† Petition to review denied 3-8-2005.

On behalf of the defendant-appellant, the cause was submitted on the brief of *Joseph L. Polito*, Rockford, Illinois.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jason J. Hanson*, Dane County Assistant District Attorney, Madison.

Before Dykman, Vergeront and Lundsten, JJ.

¶ 1. DYKMAN, J. Arthur List appeals from a judgment denying his motion to dismiss a complaint brought against him for operating a motor vehicle while intoxicated (OWI)—second offense, contrary to WIS. STAT. § 346.63(1)(a) (2001–02)[1] and operating a motor vehicle with a prohibited alcohol concentration (PAC) —second offense, contrary to § 346.63(1)(b). List contends that he was improperly charged with second-

---

[1] All references to the Wisconsin Statutes are to the 2001–02 version unless otherwise noted.

offense OWI because his first-offense OWI did not count as a prior conviction under WIS. STAT. § 343.307(1)(d). We disagree and affirm.

## Background

¶ 2. On February 20, 2002, Arthur List was arrested for OWI after crashing his vehicle into a ditch in rural Dane County. List committed a separate drunk-driving offense in Illinois for which an Illinois court placed List on eighteen months' court supervision. The Dane County District Attorney charged List with second-offense OWI and second-offense PAC for the February 20th incident, counting the Illinois violation as List's first offense. List moved to dismiss the second-offense OWI and PAC charges because he asserted that the Illinois supervision order did not constitute a first offense. The court denied List's motion, and convicted him at a bench trial. List appeals. His appeal was assigned to a single judge pursuant to WIS. STAT. § 752.31(2)(c). The Chief Judge granted the State's motion asking that this case be heard by a three-judge panel to permit publication of our decision. *See* WIS. STAT. Rule 809.23(1)(b)4. (providing that one-judge decisions should not be published).

## Discussion

¶ 3. The issue in this case is whether an Illinois court's placement of an OWI offender under court supervision is a "conviction" that should be counted as a prior offense when charging an OWI suspect in Wisconsin. This is a question that requires interpretation of relevant Wisconsin statutes. We review questions of statutory interpretation de novo. *State v. Campbell*, 2002 WI App 20, 4, 250 Wis. 2d 238, 642 N.W.2d 230.

¶ 4. Under Wisconsin's accelerated penalty structure for OWI offenses, the severity of a defendant's penalty is based on the defendant's number of prior OWI convictions. Wis. Stat. § 346.65(2). When determining the penalty for OWI, courts count "[c]onvictions under the law of another jurisdiction that prohibits . . . use of a motor vehicle while intoxicated . . . or with an excess or specified range of alcohol concentration . . . as those or substantially similar terms are used in that jurisdiction's laws." Wis. Stat. § 343.307(1)(d).[2]

¶ 5. List contends that under Wis. Stat. § 343.307(1)(d) only OWI offenses that result in formal conviction as defined by the laws of a foreign state count for the purpose of charging a Wisconsin OWI suspect. He asserts that court supervision is not a conviction under Illinois law. "Discharge and dismissal upon a successful conclusion of a disposition of supervision shall be deemed without adjudication of guilt and shall not be termed a conviction for purposes of disqualification or disabilities imposed by law upon conviction of a crime." 730 Ill. Comp. Stat. 5/5–6-3.1(f) (2002). He also cites an Illinois case, *People v. Sheehan*, 659 N.E.2d 1339, 1342 (Ill. 1995), which opines that had Illinois' accelerated penalty regime for drunk-driving offenses used the word "convicted" (the statute uses "committed") when determining which offenses would

---

[2] Wisconsin Stat. § 343.307(1)(d) provides in full:

Convictions under the law of another jurisdiction that prohibits refusal of chemical testing or use of a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof, or with an excess or specified range of alcohol concentration, or under the influence of any drug to a degree that renders the person incapable of safely driving, as those or substantially similar terms are used in that jurisdiction's laws.

be counted for deciding the proper charge, only formal convictions would count for that purpose. He concludes, therefore, that his placement on court supervision cannot be counted toward the calculation of the Wisconsin offense.

¶ 6. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal, v. Circuit Court*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. "If the meaning of the statute is plain, we ordinarily stop the inquiry." *Seider v. O'Connell*, 2000 WI 76, ¶ 43, 236 Wis. 2d 211, 612 N.W.2d 659. "[A] statute is ambiguous if it is capable of being understood by reasonably well-informed persons in two or more senses." *Kalal*, 271 Wis. 2d 633, ¶ 47 (citations omitted). "If a statute is ambiguous, the reviewing court turns to the scope, history, context and purpose of the statute." *State ex rel. Cramer v. Schwarz*, 2000 WI 86, ¶ 18, 236 Wis. 2d 473, 613 N.W.2d 591; *but see Kalal*, 271 Wis. 2d 633, ¶ 48 ("[S]cope, context, and purpose are perfectly relevant to a plain-meaning interpretation of an unambiguous statute as long as the scope, context and purpose are ascertainable from the text and structure of the statute itself, rather than extrinsic sources, such as legislative history.").

¶ 7. We conclude that the pertinent language of WIS. STAT. § 343.307(1)(d) is unambiguous because we do not believe reasonably well-informed persons would find it susceptible to two or more different interpretations. The statute reads that courts count "convictions under the law of another jurisdiction that prohibits . . . use of a motor vehicle while intoxicated . . . ." Section 343.307(1)(d). List isolates "[c]onvictions under the law of another jurisdiction" from the rest of the statute to

conclude that the statute's purpose is to count only "convictions" as the term is defined by the law of the foreign state. But "statutory language is interpreted in the context in which it is used; not in isolation but as a part of a whole . . . ." *Kalal*, 271 Wis. 2d 633, ¶ 46. We read "under the law of another jurisdiction" not as delimiting "convictions," but rather as introducing and pertaining to "that prohibits" and the remainder of the paragraph.

■

¶ 8. Moreover, the final phrase of Wis. Stat. § 343.307(1)(d), "as those or substantially similar terms are used in that jurisdiction's laws," indicates the broad scope of para. (d). When determining an OWI penalty, Wisconsin even counts prior offenses committed in states with OWI statutes that differ significantly from our own. *State v. White*, 177 Wis. 2d 121, 125, 501 N.W.2d 463 (Ct. App. 1993) (holding that though Minnesota's OWI statute required proof of elements not contained in Wisconsin's OWI statute, the statute did not preclude counting a Minnesota conviction when calculating the severity of the penalty).

¶ 9. List's approach would require us to interpret the law of another state whenever an OWI defendant has received a penalty less than a judgment of conviction for a previous offense. This interpretation rests upon the unreasonable assumption that the Wisconsin Legislature intended to delegate to other states the authority to determine the severity of penalties for Wisconsin repeat OWI offenders. *Kalal*, 271 Wis. 2d 633, ¶ 46 (explaining that statutes should be construed to avoid absurd and unreasonable results).

■

¶ 10. We turn instead to Wisconsin law to determine whether a disposition of court supervision in

Illinois is a "conviction" for the purposes of arriving at the correct OWI charge. The traffic code defines "conviction" as

> an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of property deposited to secure the person's appearance in court, the payment of a fine or court cost, or violation of a condition of release without the deposit of property, regardless of whether or not the penalty is rebated, suspended, or probated, in this state or any other jurisdiction.

WIS. STAT. § 340.01(9r). In List's case, his placement under court supervision was a result of a determination that he "violated or failed to comply with the law in a court of original jurisdiction." *Id.* The Illinois sentence was therefore a conviction as defined by Wisconsin law, and counts toward the determination of the severity of his penalty.

¶ 11: Further, as the State notes, because Wisconsin does not permit deferred prosecution agreements for alcohol-related driving offenses, to give preferential treatment at sentencing to those convicted in states that permit such agreements would be inconsistent with the policy choice of our legislature. Counting offenses committed in other states effectuates the purposes of OWI and repeater statutes in general. *State v. Neitzel*, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980) ("Because the clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways, the statute must be construed to further the legislative purpose."); *State v. Banks*, 105 Wis. 2d 32, 49, 313 N.W.2d 67 (1981) ("[T]he purpose of general repeater statutes is to increase the punishment

of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction.").

*By the Court.*—Judgment affirmed and cause remanded.