State of Wisconsin, Plaintiff-Respondent,
v.
Marc A. Lindskog, Defendant-Appellant.
No. 04-1222-CR.
Court of Appeals of Wisconsin.
Opinion Filed: January 12, 2005.
¶ 1 ANDERSON, P.J.[1]
Marc A. Lindskog contends that a "DUI" in Illinois cannot be counted as a prior offense in Wisconsin because it was resolved with a "supervision agreement" without the entry of a judgment of conviction. We reject his contention and affirm.
¶ 2 When Lindskog was arrested for drunk driving in Walworth county, he had a similar charge pending in Illinois. By the time he appeared for sentencing in Walworth county, the Illinois charge had been disposed of with the entry of a "supervision agreement." Under Illinois law, disposition of a "DUI" by a "supervision agreement" does not require the entry of a judgment of conviction. Lindskog argued to the circuit court that the Illinois "DUI" could not be counted as a prior conviction under Wisconsin's drunk driving law because it was not a conviction. The court rejected his argument, reasoning that under WIS. STAT. § 343.307(1)(d), the Illinois law permitting disposition of a "DUI" by court supervision was sufficiently similar to Wisconsin's drunk driving laws. The court proceeded to sentence Lindskog for operating while intoxicated, second offense, in violation of WIS. STAT . §§ 346.63(1)(a) and 346.65(2). Lindskog appeals.
¶ 3 Lindskog frames the question on appeal as "whether a court-ordered `supervision' for an Illinois `DUI' is a `conviction under the law of another jurisdiction' that is counted as a prior offense for enhancement purposes under WIS. STAT . § 343.307(1)(d)?" In State v. List, 2004 WI App 230, ¶ 10, No. 03-3149-CR, we affirmatively answered the same question. Because officially published opinions of the court of appeals have statewide precedential effect, Cook v. Cook, 208 Wis. 2d 166, 186, 560 N.W.2d 246 (1997), and we are not at liberty to overrule, modify or withdraw language from a published opinion, id. at 189-90, we will apply List to the facts of this case and affirm.
¶ 4 Lindskog does make an argument not addressed in List. He contends that the statute is unconstitutionally vague. He asserts that "[a] person of common intelligence could not be expected to gather from the language of the statute that even though he had no prior [operating while intoxicated (OWI)] cases resulting in conviction, he could still be charged criminally for an OWI committed in Wisconsin."
¶ 5 The "void for vagueness" doctrine rests upon the constitutional principle that procedural due process requires fair notice and proper standards for adjudication. State v. Driscoll, 53 Wis. 2d 699, 701-02, 193 N.W.2d 851 (1972). The test for vagueness of a criminal statute is whether it gives reasonable notice of the prohibited conduct and its penalties. Id. at 701. We conclude that WIS. STAT. § 343.307(1)(d) survives Lindskog's challenge because any person with common sense would know it permits counting violations, not just convictions, of other states' statutes that prohibit the use of a motor vehicle while intoxicated. State v. White, 177 Wis. 2d 121, 126, 501 N.W.2d 463 (Ct. App. 1993) ("The current statute only requires other state statutes to prohibit the use of a motor vehicle while intoxicated.").
By the Court.  Judgment affirmed.
NOTES
[1] This is a one-judge appeal pursuant to WIS. STAT. § 752.31(2)(f) (2003-04). All references to the Wisconsin Statutes are to the 2003-04 version unless otherwise noted.