STATE of Wisconsin, Plaintiff-Appellant,

v.

Daniel J. MACHGAN, Defendant-Respondent.

Court of Appeals

*No. 2006AP2836–CR. Submitted on briefs June 11, 2007.*
*—Decided November 28, 2007.*

2007 WI App 263

(Also reported in 743 N.W.2d 832.)

On behalf of the plaintiff-appellant, the cause was submitted on the briefs of *Steven J. Madson*, assistant

district attorney, Elkhorn; *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

On behalf of the defendant-respondent, the cause was submitted on the brief of *Patrick M. Donnelly*, assistant state public defender of Madison.

Before Brown, C.J., Anderson, P.J., and Nettesheim, J.

¶ 1. ANDERSON, P.J. The State of Wisconsin appeals from an order of the circuit court finding that Daniel J. Machgan's administrative suspension in Missouri does not count as a prior OWI[1] conviction for the purpose of Wisconsin's OWI graduated penalty scheme. We agree with the circuit court's finding and affirm.

¶ 2. The facts are undisputed. On August 5, 2006, Machgan was arrested in Walworth county for OWI in violation of WIS. STAT. § 346.63(1)(a) (2005–06).[2] On August 30, 2006, the State filed an amended criminal complaint charging Machgan with OWI as a fourth offense. As a basis for one of the three prior convictions, the State listed a 2004 administrative suspension of Machgan's driver's license based on probable cause that he was operating while under the influence of alcohol. Machgan filed a motion to dismiss on the grounds that the court lacked jurisdiction because the criminal complaint failed to set forth sufficient facts to allege a fourth offense OWI and was therefore defective. In support, he asserted that his driving record lists only two prior convictions, both in Wisconsin, and that the event listed as occurring in Missouri indicating an OWI

---

[1] Operating a motor vehicle while under the influence.

[2] All references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

arrest specifically did not list an adjudication or conviction and could not be counted as a prior conviction under WIS. STAT. §§ 346.65(2c) and 343.307.

¶ 3. At the time of the hearing on Machgan's motion, the State filed a copy of Machgan's Missouri driving record, which showed that Machgan received an administrative suspension as a result of a May 31, 2004 OWI arrest based on probable cause to believe he was driving with a blood alcohol content which exceeded the legal limit. The State argued that Machgan has a "conviction" in Missouri in two ways: (1) his administrative suspension after an OWI arrest is a determination that he has violated the law and is therefore a conviction and (2) his failure to appear and his outstanding warrant for failure to appear in relation to the arrest is a "violation of a condition of release" which is a conviction under WIS. STAT. § 340.01(9r). Machgan countered that his administrative suspension is not a determination for purposes of being a prior conviction because nothing has been decided in Missouri as to his guilt or innocence. Machgan also pointed out that § 340.01(9r) does not say failure to appear is a conviction; rather, it says that a "violation of a condition of release" is a conviction. Machgan argued that, therefore, his warrant is not necessarily proof of a violation of a condition of release when the State has not shown what, if any, conditions of release existed. Therefore, Machgan insisted, the State's claim that the outstanding warrant is a conviction is incorrect because a warrant without other proof does not fall under the definition.

¶ 4. The circuit court determined that Machgan's Missouri administrative suspension cannot be counted as a prior conviction for Wisconsin penalty enhancement purposes. The court explained:

An outstanding administrative suspension, a misdemeanor, pending misdemeanor claiming driving while under the influence causing injury, etc., is not a conviction[] as far as I can tell in our current statute [Wis. Stat. §] 343.307(1)(b) and as it intertwines with [Wis. Stat. §] 340.01(9r) and I think that . . . even considering the determination of [*State v. List*, 2004 WI App 230, 277 Wis. 2d 836, 691 N.W.2d 366,] [List's] placement under court supervision was a result of a determination that he had violated—well, or failed to comply with the law in the original jurisdiction. Then [the *List* case] goes on and says the Illinois sentence was, therefore, a conviction as defined.

¶ 5. In response to the State's argument that Machgan's administrative suspension equaled a determination that he had violated the law and, thus, equaled a conviction, the circuit court asked, "Why would they put out a warrant then to bring him back to be tried?" Contrary to the State's view that the outstanding warrant supported its argument that a determination had been made, the court seemed to look at the warrant as proof a determination had not been made. The court's position was that a determination was pending and it would be going too far to consider an out-of-state administrative suspension a determination for counting prior convictions when a court or jury could ultimately find Machgan not guilty. Having concluded that Machgan's Missouri administrative suspension is not a determination that he has violated the law, the court further concluded that it does not count as a prior OWI conviction for the purpose of Wisconsin's OWI graduated penalty scheme. As a result, the court considered the charged OWI offense to be a third, not fourth, offense. At the plea hearing, Machgan pled guilty to OWI, third offense. At sentencing, having reserved the right to reargue the point, the State asked

the court to reconsider its ruling that the Missouri administrative suspension could not be counted. The court was again not persuaded and denied the State's request. The court sentenced Machgan for third offense OWI. The State appeals.

¶ 6. On appeal, the State argues that Machgan's Missouri administrative suspension is a prior conviction for sentence enhancement purposes in Wisconsin.[3] In support of its argument, the State makes three assertions: the circuit court must apply the definition of conviction set forth in Wis. Stat. § 340.01(9r) in determining the number of Machgan's prior out-of-state OWI convictions counted under Wis. Stat. § 343.307(1)(d); second, a Missouri intoxicated-while-driving offense that is resolved through suspension of a driver's driving privileges by an administrative tribunal falls within the definition of "conviction" set forth in § 340.01(9r) and § 343.307(1); and, third, counting Machgan's Missouri administrative suspension for sentence enhancement purposes is consistent with Wisconsin's public policy.

¶ 7. Whether Machgan's Missouri administrative suspension is a prior conviction for sentence enhancement purposes in Wisconsin is a question of statutory interpretation which we review de novo. *See State v. Sveum*, 2002 WI App 105, ¶ 5, 254 Wis. 2d 868, 648 N.W.2d 496. Statutory interpretation begins with the statute's text; we give the text its common, ordinary, and accepted meaning, except that we give technical or

---

[3] The treatment of out-of-state administrative suspensions is an ongoing issue which prompted this court to request input from the attorney general. The attorney general takes substantially the same position as the district attorney and our discussion will address the State's position as presented by both.

specially defined words their technical or special definitions. *State ex rel. Kalal v. Circuit Court for Dane County*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. We interpret statutory language in the context within which it is used, "not in isolation but as part of a whole; in relation to the language of surrounding or closely-related statutes; and reasonably, to avoid absurd or unreasonable results." *Id.*, ¶ 46. In construing a statute we are to give deference to the policy choices made by the legislature in enacting the law. *Id.*, ¶ 44. We also consider the scope, context and structure of the statute itself. *Id.*, ¶¶ 46, 48. When two statutes relate to the same subject matter, the more specific statute controls over the general statute. *See Estate of Gonwa v. DHFS*, 2003 WI App 152, ¶ 32, 265 Wis. 2d 913, 668 N.W.2d 122. If this process of analysis yields a plain meaning, then there is no ambiguity and we apply that plain meaning. *State ex rel. Kalal*, 271 Wis. 2d 633, ¶ 46.

¶ 8. Thus, we begin with the text of Wisconsin's OWI statute, WIS. STAT. § 346.63, which provides in relevant part:

**(1)** No person may drive or operate a motor vehicle while:

(a) Under the influence of an intoxicant, a controlled substance, a controlled substance analog or any combination of an intoxicant, a controlled substance and a controlled substance analog, under the influence of any other drug to a degree which renders him or her incapable of safely driving, or under the combined influence of an intoxicant and any other drug to a degree which renders him or her incapable of safely driving; or

(am) The person has a detectable amount of a restricted controlled substance in his or her blood.

758

(b) The person has a prohibited alcohol concentration.

¶ 9. Wisconsin's graduated penalty statute, WIS. STAT. § 346.65, provides for increasing penalties for violating WIS. STAT. § 346.63. Section § 346.65 provides in relevant part:

**Penalty for violating sections 346.62 to 346.64.**

. . . .

(2) (am) Any person violating s. 346.63(1):

1. Shall forfeit not less than $150 nor more than $300, except as provided in subds. 2. to 5. and par. (f).

2. Except as provided in pars. (bm) and (f), shall be fined not less than $350 nor more than $1,100 and imprisoned for not less than 5 days nor more than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1) within a 10–year period, equals 2, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

3. Except as provided in pars. (cm), (f), and (g), shall be fined not less than $600 nor more than $2,000 and imprisoned for not less than 30 days nor more than one year in the county jail if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations, and other convictions counted under s. 343.307(1), equals 3, except that suspensions, revocations, or convictions arising out of the same incident or occurrence shall be counted as one.

4. Except as provided in pars. (f) and (g), shall be fined not less than $600 nor more than $2,000 and

imprisoned for not less than 60 days nor more than one year in the county jail if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations and other convictions counted under s. 343.307(1), equals 4, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

5. Except as provided in pars. (f) and (g), is guilty of a Class H felony and shall be fined not less than $600 and imprisoned for not less than 6 months if the number of convictions under ss. 940.09(1) and 940.25 in the person's lifetime, plus the total number of suspensions, revocations and other convictions counted under s. 343.307(1), equals 5 or more, except that suspensions, revocations or convictions arising out of the same incident or occurrence shall be counted as one.

. . . .

**(2c)** In sub. (2)(am)2., 3., 4., and 5., the time period shall be measured from the dates of the refusals or violations that resulted in the revocation or convictions. If a person has a suspension, revocation, or conviction for any offense under a local ordinance or a state statute of another state that would be counted under s. 343.307(1), that suspension, revocation, or conviction shall count as a prior suspension, revocation, or conviction under sub. (2)(am)2., 3., 4., and 5.

¶ 10. The penalties provided for in WIS. STAT. § 346.65 are determined (in relevant part) by "the total number of suspensions, revocations and other convictions under s. 343.307(1)." Sec. 346.65(2)(am). WISCONSIN STAT. § 343.307 contains two subsections that specifically pertain to "the law of another jurisdiction" and what events under the out-of-state law will be counted as priors for the purpose of penalty enhancement:

760

**(1)** The court shall count the following to determine the length of a revocation under s. 343.30(1q)(b) and to determine the penalty under s. 346.65(2):

. . . .

(d) Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

(e) Operating privilege suspensions or revocations under the law of another jurisdiction arising out of a refusal to submit to chemical testing.

¶ 11. WISCONSIN STAT. § 340.01 designates the meaning of certain words and phrases but qualifies its definitions expressly noting "the following words and phrases have the designated meaning *unless a different meaning is expressly provided or the context clearly indicates a different meaning.*" *Id.* (emphasis added). Section 340.01's definition of "conviction" is therefore subject to becoming inapplicable if another meaning is expressly provided or the context clearly indicates a different meaning. This qualification noted, "conviction" is defined in subsec. (9r) as follows:

"Conviction" or "convicted" means an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative

tribunal, an unvacated forfeiture of property deposited to secure the person's appearance in court, a plea of guilty or no contest accepted by the court, the payment of a fine or court cost, or violation of a condition of release without the deposit of property, regardless of whether or not the penalty is rebated, suspended, or probated, in this state or any other jurisdiction. It is immaterial that an appeal has been taken. "Conviction" or "convicted" includes:

(a) A forfeiture of deposit under ss. 345.26 and 345.37, which forfeiture has not been vacated;

(b) An adjudication of having violated a law enacted by a federally recognized American Indian tribe or band in this state.

(c) An adjudication of having violated a local ordinance enacted under ch. 349;

(d) A finding by a court assigned to exercise jurisdiction under chs. 48 and 938 of a violation of chs. 341 to 349 and 351 or a local ordinance enacted under ch. 349.

Sec. 340.01(9r).

¶ 12. After examination of these relevant statutes, we conclude that WIS. STAT. § 343.307, as the specific statute addressing out-of-state convictions, suspensions or revocations that are to be counted as priors for the purpose of penalty enhancement, controls over WIS. STAT. § 340.01(9r), a more general statute. *See Estate of Gonwa*, 265 Wis. 2d 913, ¶ 32 (when two statutes relate to the same subject matter, the more specific statute controls over the general statute). That § 343.307 controls is additionally supported by the fact that the legislature provided specifically within § 340.01(9r) the instruction to apply its meaning of "conviction" for the purposes of WIS. STAT. chs. 22, 33, 340–349 and 351

"*unless* a different meaning is expressly provided or the context clearly indicates a different meaning." *See* § 340.01 (emphasis added).

¶ 13. The context of WIS. STAT. § 343.307(1) indicates a different meaning for conviction as it relates to offenses "under the law of another jurisdiction" that are to be counted as priors for penalty enhancement purposes. Within this statute there are two subsections, (d) and (e), that demarcate out-of-state offenses from in-state offenses for counting purposes by specifying what counts "under the law of another jurisdiction."

¶ 14. Subsection (d) lists the type of convictions "under the law of another jurisdiction" that are to be counted when determining the penalty to be imposed pursuant WIS. STAT. § 346.65(2) and counts, along with other listed convictions, a conviction "that prohibits a person from refusing chemical testing." Subsection (e) then separately and specifically provides only one type of revocation and only one type of suspension "under the law of another jurisdiction" that is to be counted when determining the penalty to be imposed pursuant § 346.65(2): a revocation or suspension "arising out of a refusal to submit to chemical testing." Thus, the express language and context of this statute distinguishes the meaning of conviction and the meaning of suspension providing that out-of-state convictions for refusal, along with a list of other convictions, are to be counted, but with regard to *suspensions,* only those arising out of a refusal are to be counted. If suspensions for out-of-state OWI arrests were meant to be lumped in with convictions or determinations based on OWI arrests for counting purposes, subsection (e) would be redundant to subsection (d)'s language which already provides for counting convictions for refusal. If the

legislature wishes to count other out-of-state suspensions for penalty enhancement purposes, it is for the legislature to express, not for this court to surmise when the statutory language provides otherwise.

¶ 15. Finally, we agree with the circuit court's rationalization in distinguishing *List* from Machgan's case. In *List*, we based our conclusion that List's Illinois sentence for court supervision was a conviction because it was a result of a *determination*, which is one of the possible definitions of conviction in WIS. STAT. § 340.01(9r). *See List*, 277 Wis. 2d 836, ¶ 10. Specifically we stated that:

> [List's] placement under court supervision was a result of a determination that he "violated or failed to comply with the law in a court of original jurisdiction." [WIS. STAT. § 340.01(9r).] The Illinois sentence was therefore a conviction as defined by Wisconsin law, and counts toward the determination of the severity of his penalty.

*List*, 277 Wis. 2d 836, ¶ 10. Here, the circuit court did not accept the State's argument that Machgan's out-of-state administrative suspension should also be considered a determination that he has violated the law and therefore should be counted as a conviction under WIS. STAT. § 346.63. The court was unwilling to count an out-of-state administrative suspension as a conviction for enhancement purposes when in-state suspensions are not counted. The circuit court properly distinguished *List* from the instant case.

¶ 16. Moreover, as already discussed, we have a specific statute before us addressing when to count out-of-state license suspensions: when the out-of-state suspension is the result of a refusal. Machgan's Missouri suspension was not the result of a refusal. Therefore, we affirm the circuit court order finding that Machgan's

764

Missouri license suspension as a result of an OWI arrest does not count as a prior OWI conviction for the purpose of Wisconsin's OWI graduated penalty scheme. On a final note, we appreciate and respect the State's public policy arguments, but it is not the court's role to legislate.

*By the Court.*—Order affirmed.