STATE of Wisconsin, Plaintiff-Respondent,†

v.

Gerard W. CARTER, Defendant-Appellant.

Court of Appeals

*No. 2008AP3144–CR. Submitted on briefs September 10, 2009.*
*—Decided September 30, 2009.*

2009 WI App 156

(Also reported in 775 N.W.2d 297.)

† Petition to Review granted 3/9/10. Crooks, J., did not participate.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Craig M. Kuhary* of *Walden, Schuster & Vaklyes, S.C.*, Waukesha.

On behalf of the plaintiff-respondent, the cause was submitted on the briefs of *Phillip A. Koss*, district attorney, and *Steven J. Madson*, assistant district attorney of Elkhorn.

Before Brown, C.J., Neubauer, P.J. and Snyder, J.

¶ 1. NEUBAUER, P.J. Gerard W. Carter pled guilty to operating while intoxicated (OWI), fourth offense. The issue on appeal is whether two prior out-of-state "zero tolerance" suspensions count as prior

convictions under Wɪs. Sᴛᴀᴛ. § 343.307 (2007–08)[1] for sentencing enhancement purposes under Wɪs. Sᴛᴀᴛ. § 346.65(2). We conclude that they do not. We reverse the judgment and remand for sentencing based on a second offense OWI.

## FACTS

¶ 2. Carter was arrested on August 25, 2007, and charged with OWI, second offense, and operating with a prohibited blood-alcohol concentration. The State later amended the charges to OWI, fourth offense, based on its discovery that Carter had two prior "zero tolerance" suspensions on his Illinois driving record, which was attached and incorporated into the amended complaint.[2] Carter filed a motion challenging the State's counting of prior offenses, arguing that "zero tolerance" violations refer to underage drinking and do not have a "violation date" but rather an "effective date of action date." On December 17, 2007, the court heard arguments on Carter's motion before concluding that the motion was premature and would be heard at sentencing.

¶ 3. Carter entered a guilty plea on March 13, 2008. Prior to sentencing, Carter filed a second motion arguing the exclusion of the "zero tolerance" suspensions from the prior conviction count under Wɪs. Sᴛᴀᴛ. § 343.307. After hearing arguments, the trial court held

---

[1] All references to the Wisconsin Statutes are to the 2007–08 version unless otherwise noted.

[2] The terms "zero tolerance," "absolute sobriety," and "not a drop" are often used to describe a law prohibiting alcohol consumption by anyone under twenty-one years old. Here, Carter's Illinois driving record refers to "zero tolerance suspension."

that § 343.307 encompassed Carter's "zero tolerance" violations in Illinois. Carter was sentenced on OWI as a fourth offense. He appeals.

## DISCUSSION

¶ 4. On appeal, Carter renews his challenge to the counting of two prior "zero tolerance" suspensions on his Illinois driving record for purposes of Wisconsin's counting statute, WIS. STAT. § 343.307. This issue presents a question of statutory interpretation which we review de novo. *State v. List*, 2004 WI App 230, ¶ 3, 277 Wis. 2d 836, 691 N.W.2d 366. Further, the application of a statute to undisputed facts also presents a question of law for our de novo review. *State v. White*, 177 Wis. 2d 121, 124, 501 N.W.2d 463 (Ct. App. 1993).

¶ 5. Wisconsin's accelerated penalty structure for OWI offenses bases the severity of a defendant's penalty on his or her number of prior convictions. *See* WIS. STAT. § 346.65(2). WISCONSIN STAT. § 343.307 governs the "[p]rior convictions, suspensions or revocations to be counted as offenses" for purposes of OWI penalties. It provides in relevant part:

> **(1)** The court shall count the following to determine the length of a revocation under s. 343.30(1q)(b) and to determine the penalty under s. 114.09(2) and 346.65(2):
>
> . . . .
>
> (d) Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentra-

tion; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

(e) Operating privilege suspensions or revocations under the law of another jurisdiction arising out of a refusal to submit to chemical testing.

Sec. 343.307.

¶ 6. The crux of Carter's argument on appeal is that a "zero tolerance" suspension under Illinois law is not a "conviction" within the meaning of WIS. STAT. § 343.307(1)(d), and that his suspension was not "arising out of a refusal to submit to chemical testing" under § 343.307(1)(e). Therefore, he argues, the suspensions on his Illinois record are not counted under § 343.307.

*Carter's "Zero Tolerance" Suspension*
*is Not a "Conviction" under WIS. STAT. § 343.307(1)(d).*

■

¶ 7. Under Illinois law, a "zero tolerance" summary suspension may be imposed if a driver under age twenty-one has been arrested for any traffic violation, provided there is probable cause to believe the driver consumed some amount of alcohol and refuses testing or submits and the test reveals a blood-alcohol concentration greater than zero. *See Gumma v. White*, 833 N.E.2d 834, 841 (Ill. 2005). Carter argues that his summary license suspension which did not result in a conviction or result from a refusal cannot be counted under WIS. STAT. § 343.307 and used for penalty enhancement purposes under WIS. STAT. § 346.65(2). We agree.

¶ 8. In *Arvia v. Madigan*, 809 N.E.2d 88 (Ill. 2004), the Illinois Supreme Court discussed its "zero tolerance" law in the context of an equal protection challenge. The plaintiff challenged the constitutionality of the "zero tolerance" law because it limited a person under age twenty-one to an administrative hearing to contest a suspension while a person over age twenty-one was afforded the opportunity for judicial review. *Id.* at 100. In rejecting the plaintiff's challenge, the court clarified that a summary suspension under the "zero tolerance" law is not a summary suspension under DUI law, and therefore "[p]laintiff's reliance on DUI law is puzzling because plaintiff was not arrested for DUI." *Id.* The court went on to explain:

> Under DUI law, the implied-consent provisions are only triggered where the person is arrested for driving under the influence of alcohol or drugs. A person arrested under the DUI law faces the prospect of criminal prosecution and, if found guilty, faces the imposition of criminal penalties and revocation of his or her driving privileges. The summary suspension provisions are intended to promptly remove impaired drivers from the road pending criminal prosecution.
>
> In contrast, the implied-consent provisions of the zero tolerance law are triggered where a driver under the legal drinking age violates any provision of the Illinois Vehicle Code and the officer has probable cause to believe he or she has consumed any amount of alcoholic beverage. The summary suspension provisions are not necessarily tied to removing impaired drivers from the road, since suspension may result from the consumption of even small amounts of alcohol . . . . A young driver whose license is suspended under the zero tolerance law faces no other collateral consequences, such as criminal prosecution. Indeed, unlike the DUI law, the zero tolerance law prohibits evidence

of the driver's blood-alcohol concentration to be used in any other civil or criminal proceeding.

*Id.* at 100–01 (citations omitted). Finally, the court disagreed with the plaintiff's assertion that license suspensions are "prosecuted" under the "zero tolerance" law, instead emphasizing that "[t]he process for summary suspensions is purely administrative" and there is no exercise of discretion. *Id.* at 101.

¶ 9. Bearing this in mind, we conclude that this case is guided by our decision in *State v. Machgan*, 2007 WI App 263, 306 Wis. 2d 752, 743 N.W.2d 832. There, we rejected the State's contention that a Missouri administrative suspension following an arrest for OWI was a prior conviction for enhancement purposes. *Id.*, ¶¶ 1, 3, 6. While the State contends that we are not dealing with an administrative suspension and, thus, *Machgan* is of little value, the Illinois Supreme Court clearly states that a "zero tolerance" suspension is administrative, *Arvia*, 809 N.E.2d at 101, and as such *Machgan* provides appropriate guidance.

¶ 10. In *Machgan*, we concluded that Wis. Stat. § 343.307 is the specific statute addressing out-of-state convictions, suspensions or revocations that are to be counted for the purposes of penalty enhancement and therefore controls over the general definitions set forth in Wis. Stat. § 340.01(9r).[3] *Machgan*, 306 Wis. 2d 752,

---

[3] Wisconsin Stat. § 340.01 sets forth the general definitions to be applied "unless a different meaning is expressly provided or the context clearly indicates a different meaning." "Conviction" is defined in § 340.01(9r) as:

[A]n unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal, an unvacated forfeiture of property deposited to secure the person's

¶ 12. Because § 343.307(1)(e) separately and specifically provided for only one type of revocation and only one type of suspension under out-of-state laws to be counted for penalty purposes, we held that only revocations or suspensions arising out of refusals could be counted.[4] *Machgan*, 306 Wis. 2d 752, ¶ 14.

¶ 11. As in *Machgan*, we reject the State's reliance on *List*. As the *Machgan* court observed, "we based our conclusion that List's Illinois sentence for court supervision was a conviction because it was a result of a *determination,* which is one of the possible definitions of conviction in Wis. Stat. § 340.01(9r)." *Machgan*, 306 Wis. 2d 752, ¶ 15. The *Machgan* court upheld the trial court's determination that an out-of-state administrative suspension should not be considered a determination that an individual has violated the law. *Id.* Further, the *Machgan* court noted that Wisconsin law precludes in-state administrative suspensions from being counted as convictions under Wis. Stat. § 346.63 and, therefore,

---

appearance in court, a plea of guilty or no contest accepted by the court, the payment of a fine or court cost, or violation of a condition of release without the deposit of property, regardless of whether or not the penalty is rebated, suspended, or probated, in this state or any other jurisdiction.

[4] The State counters that Wis. Stat. § 343.307(1)(d) "clearly covers refusals" and, if we were to accept Carter's approach, no prohibited alcohol concentration convictions would be counted under § 343.307(1)(d). We disagree. As the statute provides, any conviction "under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or . . . with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving" would be covered. *See* § 343.307(1)(d). This would clearly include a conviction for operating with a prohibited alcohol concentration.

concluded that the circuit court properly declined to count an out-of-state administrative suspension as a conviction for enhancement purposes. *Machgan*, 306 Wis. 2d 752, ¶ 15.

*The State Failed to Establish that Carter's "Zero Tolerance" Suspension Resulted from a Refusal so as to Fall under WIS. STAT. § 343.307(1)(e).*

■

¶ 12. Finally, the State's argument is premised on an assumption that Carter's "zero tolerance" suspension was a result of a refusal to submit to chemical testing, and therefore falls squarely under WIS. STAT. § 343.307(1)(e). Carter refutes this fact. The State asserts that the length of Carter's Illinois suspensions were consistent with refusals as opposed to a test result obtained in excess of a prescribed amount and, based on that assertion, the State asks us to infer that Carter's suspension was the result of a refusal. We cannot do so. The document attached to the amended criminal complaint, identified as a "teletype" from the "T.I.M.E. interpolice agency reporting system" does not identify the reason for the suspension, indicating only "zero tolerance suspension." Nor do the suspension lengths comport with the Illinois refusal penalties.[5] The document simply does not provide sufficient information to

---

[5] The T.I.M.E. teletype reflects that Carter's first "zero tolerance suspension" resulted in a suspension of just under five months. His second "zero tolerance suspension" resulted in a suspension of approximately two years and three months. The Illinois statute governing the restoration of driving privileges to persons, 625 ILL. COMP. STAT. ANN. 5/6–208.2 (Lexis 2009), provides that suspensions which result from refusals will last six months for the first refusal and two years for the second refusal. Suspensions relating to the presence of alcohol are

conclude that the suspension was the result of a refusal, especially given that Carter disputes this assertion.

¶ 13. The State bears the burden of establishing prior offenses as the basis for the imposition of enhanced penalties under Wis. Stat. § 346.65(2). *State v. Wideman*, 206 Wis. 2d 91, 94, 556 N.W.2d 737 (1996). We conclude that the State has failed to establish that Carter's suspension was the result of a refusal and therefore has failed to establish that the suspension counts under Wis. Stat. § 343.307(1)(e) for purposes of penalty enhancement under § 346.65(2).

## CONCLUSION

¶ 14. Consistent with our holding in *Machgan*, we conclude that an out-of-state "zero tolerance" suspension is not a conviction within the meaning of Wis. Stat. § 343.307(1)(d). The State has otherwise failed to establish that the "zero tolerance" suspension resulted from a refusal so as to fall under § 343.307(1)(e). We therefore reverse the judgment of conviction and remand for sentencing based on OWI second offense.

*By the Court.*—Judgment reversed and cause remanded with directions.

---

---

three months for the first incident and one year for the second. *Id.*; *see also* 625 Ill. Comp. Stat. Ann. 5/6–208.2 (Lexis 1999) (the penalty provisions at the time of Carter's zero tolerance suspension remain unchanged). While Carter's suspensions seem to fall more in line with a refusal, the record is simply not clear on that point.