STATE of Wisconsin, Plaintiff-Respondent,

v.

Daniel M. HIRSCH, Defendant-Appellant.

Court of Appeals

*No. 2013AP427–CR. Submitted on briefs December 19, 2013. —Decided March 12, 2014.*

2014 WI App 39

(Also reported in 847 N.W.2d 192.)

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Andrew R. Walter* of *Walter Law Offices*, Elkhorn.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. NEUBAUER, P.J. Daniel M. Hirsch appeals from a judgment of conviction for operating while intoxicated (OWI), sixth offense, and an order denying postconviction relief. Hirsch argues that WIS. STAT. § 343.307(1)(d) (2011–12),[1] which defines which out-of-state OWI-related convictions count as prior offenses for sentence enhancement purposes, violates the Equal Protection Clause of the United States Constitution because his out-of-state "zero tolerance" suspensions count whereas Wisconsin "absolute sobriety" violations would not. Hirsch also argues that the trial court erred in not applying issue preclusion to conclude that the two previous offenses should not count. We disagree with both arguments and affirm.

## FACTS

¶ 2. Hirsch has a history of alcohol-related traffic offenses including two license suspensions for violations of Illinois' zero tolerance law. In three subsequent Wisconsin OWI cases, Hirsch was able to keep one or both of these zero tolerance suspensions from counting as prior offenses for sentence enhancement purposes. According to Hirsch, and not disputed by the State, the State conceded in those cases that the prior zero tolerance suspensions did not count. In this 2010 OWI case, Hirsch sought to keep the zero tolerance suspensions from counting as prior OWI convictions; but the trial court rejected Hirsch's arguments.

¶ 3. Wisconsin has an accelerated penalty structure for OWI offenses such that each successive OWI conviction results in greater penalties. WISCONSIN STAT.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

§ 343.307(1) sets forth which convictions, suspensions, or revocations count as prior offenses in an OWI case for purposes of penalties under WIS. STAT. § 346.65(2). Hirsch challenges the constitutionality of para. (1)(d), which counts out-of-state convictions under a law that prohibits a person from using a motor vehicle with an excess or specified range of alcohol concentration, and by definition includes his Illinois zero tolerance violations as prior offenses.[2]

¶ 4. Wisconsin's absolute sobriety law, WIS. STAT. § 346.63(2m), prohibits a person who has not attained the legal drinking age from driving with an alcohol concentration of more than zero but not more than .08. The penalty for violation of the law is a forfeiture and suspension of the driver's license. WIS. STAT. §§ 346.65(2q) and 343.30(1p). Illinois' zero tolerance law prohibits a person who is less than twenty-one years of age from driving with an alcohol concentration of more than zero but not more than .08. 625 ILL. COMP. STAT. 5/11–501.8 (2011). The penalty for violation of the

---

[2] As material, WIS. STAT. § 343.307(1)(d) provides:

**343.307 Prior convictions, suspensions or revocations to be counted as offenses. (1)** The court shall count the following to determine . . . the penalty under [WIS. STAT. §] 346.65(2):

. . . .

(d) Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

law is suspension of the driver's license. *Id.* Under the broad definition set forth in Wis. Stat. § 343.307(1)(d), Illinois' zero tolerance law convictions count as prior offenses, while Wisconsin's absolute sobriety violations do not. *State v. Carter,* 2010 WI 132, ¶¶ 56, 59–64, 330 Wis. 2d 1, 794 N.W.2d 213.

## DISCUSSION

### *Equal Protection*

¶ 5. Hirsch argues that Wis. Stat. § 343.307(1)(d) violates article I, section 1 of the Wisconsin Constitution and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution by impermissibly treating similarly situated people differently. *See Treiber v. Knoll,* 135 Wis. 2d 58, 68, 398 N.W.2d 756 (1987). Our review of the constitutionality of a statute is de novo. *State v. Smith,* 2010 WI 16, ¶ 8, 323 Wis. 2d 377, 780 N.W.2d 90. The burden is on Hirsch to show, beyond a reasonable doubt, that the statute is unconstitutional. *State ex rel. Hammermill Paper Co. v. LaPlante,* 58 Wis. 2d 32, 46, 205 N.W.2d 784 (1973).

¶ 6. Under the rational basis standard for equal protection analysis, which Hirsch concedes applies, the distinction made in the statute must be upheld if there is any rational basis to support it. *Id.* at 74. "The test is not whether some inequality results from the classification, but whether there exists any reasonable basis to justify the classification." *Id.* (citation omitted). "Under this 'rational basis' test, equal protection is violated only if the classification rests upon grounds wholly

irrelevant to the achievement of the state's objective." *Konkel v. Acuity*, 2009 WI App 132, ¶ 27, 321 Wis. 2d 306, 775 N.W.2d 258 (quoting *State v. Smet*, 2005 WI App 263, ¶ 21, 288 Wis. 2d 525, 709 N.W.2d 474). In an as-applied challenge to the statute, the question is whether the court "can conceive any facts upon which the legislation as applied to [Hirsch] could be reasonably based." *Smith*, 323 Wis. 2d 377, ¶ 16.

¶ 7. According to Hirsch, the statute fails the equal protection analysis. Relying on *Harris v. Kelley*, 70 Wis. 2d 242, 252, 234 N.W.2d 628 (1975),[3] Hirsch argues that drivers with prior in-state absolute sobriety offenses and those with prior out-of-state zero tolerance offenses are not really different because both have engaged in the same conduct, and, given their similar characteristics, there is no justification for different treatment. He contends that distinguishing the two groups does not facilitate the identification and removal of drunk drivers from the roads, which is the purpose of

---

[3] *Harris v. Kelley*, 70 Wis. 2d 242, 252, 234 N.W.2d 628 (1975), lists the standards by which the reasonableness of a statute's classification is to be measured:

(1) All classifications must be based upon substantial distinctions which made one class really different from another.

(2) The classification adopted must be germane to the purpose of the law.

(3) The classification must not be based upon existing circumstances only and must not be so constituted as to preclude addition to the numbers included within a class.

(4) To whatever class a law may apply, it must apply equally to each member thereof.

(5) The characteristics of each class could be so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation.

the law. Hirsch argues that the statute classifies similarly situated drivers differently with no rational basis for the distinction.

¶ 8. The State responds that the statute does not classify people. "Instead," argues the State, "the statute distinguishes between in-state and out-of-state convictions, regardless of who commits the offenses." Furthermore, asserts the State, rational reasons exist to treat out-of-state offenses differently than in-state offenses. The Wisconsin legislature understands its own absolute sobriety law and how it interacts with other law, while the Wisconsin legislature has no authority over other jurisdictions' treatment of absolute sobriety or zero tolerance type offenses. Additionally, asserts the State, the legislative decision to count out-of-state violations of this type of law simplifies the counting process for Wisconsin trial courts.

¶ 9. We agree with the State that WIS. STAT. § 343.307(1)(d)'s statutory inclusion of out-of-state convictions under a law that prohibits driving "with an excess or specified range of alcohol concentration" does not violate the Equal Protection Clause, even if a consequence is to treat Illinois' zero tolerance offenses differently than Wisconsin absolute sobriety offenses. As our supreme court noted when recognizing the different sentencing outcome for these types of offenses, the legislature intended the scope of para. (d) to be broad. *Carter*, 330 Wis. 2d 1, ¶ 39 & n.14. In addition to counting out-of-state refusals to submit to chemical testing under § 343.307(1)(e), the legislature recreated para. (1)(d) in 1989 to remove the requirement that only violations of out-of-state statutes "in conformity" with Wisconsin law were to be counted for accelerated sentencing purposes. *Carter*, 330 Wis. 2d 1, ¶ 39 & n.14. These changes showed the legislature's intent to

cast a broad net when counting out-of-state offenses. *Id.*, ¶¶ 39–42. That the inclusion of a "broad array" of convictions, suspensions, and revocations under the laws of another jurisdiction resulted in inconsistency was a policy decision for the legislature. *Id.*, ¶ 63.

¶ 10. There is a rational basis for the legislative determination to dispense with the required conformity with Wisconsin law. Our legislature has control over Wisconsin's absolute sobriety law, and it has defined the drinking age, the amount of alcohol that can be involved, and how the offenses are treated by courts and prosecutors. Our legislature has no such authority over out-of-state offenses. Our trial courts and bar are familiar with our absolute sobriety law, when it applies, how it is enforced, and how its penalties are administered. It was reasonable to eliminate the conformity requirement between Wisconsin offenses and the countless other variations of these types of offenses, when our legislature has no authority over how they are defined and applied by prosecutors and the courts, much less how other jurisdictions might redefine or apply such offenses over time. Ease of administration in Wisconsin courts provides a rational basis for a single, straightforward, and broad definition of out-of-state offenses applicable to all other jurisdictions. The definition consistently counts all convictions under out-of-state laws prohibiting driving with an excess or specified range of alcohol concentration regardless of their labels or treatment. And, counting all such convictions serves the public good because an exception could lead to undercounting offenses that are defined or applied differently.

¶ 11. The statute's classification of offenses is germane to the purpose of the law, which is "to encom-

pass a broad array of convictions, suspensions, and revocations under the laws of another jurisdiction for counting purposes." *Id.* A broad interpretation of Wis. Stat. § 343.307(1) comports with the purpose of drunk driving laws, *State v. List*, 2004 WI App 230, ¶ 11, 277 Wis. 2d 836, 691 N.W.2d 366, which is to "facilitate the identification of drunken drivers and their removal from the highways," *State v. Neitzel*, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980). Thus, out-of-state convictions can be counted for sentence enhancement purpose even if they result from violations of statutes that differ significantly from our own. *See State v. Puchacz*, 2010 WI App 30, ¶¶ 12–13, 323 Wis. 2d 741, 780 N.W. 2d 536 (counting violations of Michigan's law that prohibits operating a vehicle while visibly impaired due to consumption of alcohol).

■■
¶ 12. The rational basis test does not require perfection. *State v. Smart*, 2002 WI App 240, ¶ 7, 257 Wis. 2d 713, 652 N.W.2d 429. The only question is whether the statute has some relationship to advancing the legislature's goal. *Id.* "The fact a statutory classification results in some inequity . . . does not provide sufficient grounds for invalidating a legislative enactment." *State v. McManus*, 152 Wis. 2d 113, 131, 447 N.W.2d 654 (1989). The rational basis test is deferential; the standard of review is "a paradigm of judicial restraint." *Federal Commc'ns Comm'n v. Beach Commc'ns, Inc.*, 508 U.S. 307, 314 (1993). The challenger "bears the high burden of proving that [the statute] as applied to him is unconstitutional beyond a reasonable doubt." *Smith*, 323 Wis. 2d 377, ¶ 18. Hirsch has not met this burden.

*Issue Preclusion*

¶ 13. Hirsch also argues that the trial court erred in not applying issue preclusion. Hirsch indicates that on three previous occasions involving subsequent OWI violations he successfully challenged the inclusion of his zero tolerance violations as prior OWI convictions for penalty enhancement under Wis. Stat. § 343.307(1). Hirsch sought to have the decisions in these previous cases preclude counting of the offenses in the current case. Addressing the five issue preclusion factors, *see, e.g., Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993),[4] the trial court concluded that issue preclusion did not apply. On appeal, Hirsch argues that the trial court erred in its application of the third factor: "do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue?" *See id.* The trial court noted that in all three previous cases the State had conceded that the zero tolerance violations did not count as prior offenses. Hirsch argues that the trial

---

[4] The five factors are:

1) could the party against whom preclusion is sought, as a matter of law, have obtained review of the judgment; (2) is the question one of law that involves two distinct claims or intervening contextual shifts in the law; (3) do significant differences in the quality or extensiveness of proceedings between the two courts warrant relitigation of the issue; (4) have the burdens of persuasion shifted such that the party seeking preclusion had a lower burden of persuasion in the first trial than in the second; or (5) are matters of public policy and individual circumstances involved that would render the application of collateral estoppel to be fundamentally unfair, including inadequate opportunity or incentive to obtain a full and fair adjudication in the initial action?

*Michelle T. v. Crozier*, 173 Wis. 2d 681, 689, 495 N.W.2d 327 (1993).

court should have looked at whether the State had the opportunity to litigate the issue of counting zero tolerance offenses and should not have relied on the State's concessions to conclude that the proceedings were not of the same quality.

¶ 14. In deciding whether to apply issue preclusion, no single factor is dispositive. *Aldrich v. LIRC*, 2012 WI 53, ¶ 111, 341 Wis. 2d 36, 814 N.W.2d 433. The court need not consider all five factors. *Michelle T.*, 173 Wis. 2d at 688–89. Furthermore, the weight to be given each factor is within the sound discretion of the trial court, *Precision Erecting, Inc. v. M & I Marshall & Ilsley Bank*, 224 Wis. 2d 288, 305, 592 N.W.2d 5 (Ct. App. 1998), and the trial court's decision will be overturned only if there was an erroneous exercise of discretion in applying the factors. *Michelle T.*, 173 Wis. 2d at 697. The application of issue preclusion is to be analyzed on a case-by-case basis, and the ultimate concern is that of fundamental fairness to the party against whom preclusion is sought. *Id.* at 693.

¶ 15. Here, the trial court explained on the record its consideration of all five factors. Hirsch focuses on the trial court's discussion of number three, but the trial court relied mainly on the shift in the law and public policy factors. These are both weighty factors in this case.

¶ 16. First, the law did change. *Carter*, decided in 2010, changed the law by interpreting "convictions" to be counted under Wis. Stat. § 343.307(1)(d) to include suspensions under the Illinois zero tolerance law. *Carter*, 330 Wis. 2d 1, ¶¶ 38, 43, 59 (overruling *State v. Machgan*, 2007 WI App 263, ¶ 16, 306 Wis. 2d 752, 743 N.W.2d 832 (Missouri alcohol-related administrative

suspension of driver's license does not count as prior offense under § 343.307(1))).

¶ 17. Second, public policy supports counting out-of-state zero tolerance type offenses as prior offenses in OWI cases. As discussed above, the legislature has determined that identifying drunk drivers and removing them from the roads is an important goal. *See Neitzel,* 95 Wis. 2d at 193. A broad interpretation of Wis. Stat. § 343.307(1)(d) comports with this purpose. *List,* 277 Wis. 2d 836, ¶ 11. While the State conceded that the Illinois zero tolerance suspensions did not count for purposes of sentencing in the prior three OWI cases under the then-controlling law, they do count now. The benefit Hirsch received three times under the prior misinterpretation of para. (1)(d) does not prejudice him vis-à-vis his current OWI violation. Hirsch was lawfully convicted of the two Illinois offenses, and there is nothing unfair about counting them now for sentence enhancement, making his current conviction his sixth offense. "[T]he purpose of general repeater statutes is to increase the punishment of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction." *State v. Banks,* 105 Wis. 2d 32, 49, 313 N.W.2d 67 (1981).

¶ 18. Given the change in law regarding counting out-of-state zero tolerance or absolute sobriety type offenses and the public policy in favor of broad interpretation of our drunk driving laws, the trial court's decision not to apply issue preclusion was appropriate.

## CONCLUSION

¶ 19. Wisconsin Stat. § 343.307(1), as applied to Hirsch, does not violate the Equal Protection Clause because there is a conceivable rational basis for broadly

defining out-of-state convictions under a law prohibiting driving with an excess or specified range of alcohol concentration. Furthermore, the trial court did not err in refusing to apply issue preclusion to prevent the State from arguing that the out-of-state offenses did indeed count under § 343.307(1)(d).

*By the Court.*—Judgment and order affirmed.