COURT OF APPEALS
DECISION
DATED AND FILED

October 17, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2018AP2075-CR**

Cir. Ct. No. 2017CF39

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

 V.

RICKY J. O'DRISCOLL,

    DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Clark County:  JON M. COUNSELL, Judge.  *Affirmed*.

Before Fitzpatrick, P.J., Blanchard and Kloppenburg, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Ricky O'Driscoll appeals the circuit court judgment convicting him of a fifth offense operating while intoxicated (OWI). O'Driscoll also appeals the court's order denying his motion for postconviction relief. O'Driscoll argues that one of the prior OWI offenses identified by the State to support charging him with a fifth offense was not a countable prior conviction. We affirm.

¶2     O'Driscoll entered a guilty plea to the fifth offense OWI. When entering his plea, O'Driscoll stated that he understood that the charge required four prior countable offenses. He further stated that he understood that, by pleading guilty, he was admitting that there were facts to support the charge. Additionally, O'Driscoll's attorney stipulated that there was a factual basis for O'Driscoll's guilty plea.

¶3     In his postconviction motion, O'Driscoll alleged that the State failed to prove that one of the alleged prior offenses, a 2001 State of Oregon case, was a countable prior conviction. O'Driscoll further alleged that his trial counsel was ineffective for failing to raise this issue. The circuit court denied the motion. The court concluded that the 2001 Oregon case was a countable prior conviction under *State v. List*, 2004 WI App 230, 277 Wis. 2d 836, 691 N.W.2d 366.

¶4     On appeal, the parties dispute whether O'Driscoll waived his argument as to the 2001 Oregon case and, if he did, whether he sufficiently alleged ineffective assistance of counsel. We agree with the State's waiver argument, but we need not engage in a discussion of waiver because we conclude that, regardless of waiver, the ultimate question is the same. That question is whether the 2001 Oregon case was a countable prior conviction under *List*. O'Driscoll fails to persuade us that it was not.

¶5     In *List*, this court interpreted the applicable statutory provision that defines a prior countable conviction.    Under that provision, WIS. STAT. § 340.01(9r) (2017-18),[1] a "[c]onviction" is broadly defined to include not only an adjudication of guilt but also any "determination that a person has violated or failed to comply with the law in a court of original jurisdiction."    § 340.01(9r); *List*, 277 Wis. 2d 836, ¶10.

¶6     Applying this statutory language, this court in *List* concluded that an Illinois OWI arrest resulting in "placement under court supervision" was a countable prior conviction because the court supervision "was a result of a determination that [List] 'violated or failed to comply with the law.'"  *List*, 277 Wis. 2d 836, ¶¶2, 10 (quoting WIS. STAT. § 340.01(9r)).    This court in *List* compared court supervision to a deferred prosecution agreement, stating that, "because Wisconsin does not permit deferred prosecution agreements for alcohol-related driving offenses, to give preferential treatment at sentencing to those convicted in states that permit such agreements would be inconsistent with the policy choice of our legislature."  *Id.*, ¶11.

¶7     Here, O'Driscoll asserts that his 2001 Oregon case involved an arrest for impaired driving that was resolved by a diversion agreement.   Under *List*, we see no reason to distinguish this diversion agreement from the court supervision or deferred prosecution agreements referenced in *List*.

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.  We cite the current version for ease of reference. The statutory language that we apply here has not changed during the times relevant to O'Driscoll's prosecution.

¶8 In seeking to distinguish *List*, O'Driscoll argues that, unlike in *List*, here there was no evidence to support a conclusion that his diversion agreement involved a judicial determination that he "violated or failed to comply with the law." This argument misconstrues *List*. Nothing in the *List* court's reasoning requires evidence of such a determination beyond O'Driscoll's undisputed assertion that his 2001 Oregon case involved an arrest for impaired driving that was resolved by a diversion agreement. Rather, as far as its reasoning reveals, this court in *List* concluded that participation in programs such as court supervision, deferred prosecution, or diversion following a drunk driving arrest necessarily implies a judicial determination that the defendant "violated or failed to comply with the law" within the meaning of WIS. STAT. § 340.01(9r).

¶9 Similarly, O'Driscoll is not persuasive in arguing that *List* is distinguishable because Illinois court supervision requires a guilty or no-contest plea while his Oregon diversion agreement did not. Nothing in the *List* court's reasoning indicates that the *List* court relied on such a requirement.

¶10 In sum, O'Driscoll fails to persuade us that his 2001 Oregon case was not a countable prior conviction under *List*. Accordingly, we conclude that the circuit court properly denied O'Driscoll's postconviction motion, and we affirm.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

4