**WYOMING DEPARTMENT
OF TRANSPORTATION,
Appellant (Respondent),**

v.

**Julie HAGLUND, Appellee (Petitioner).**

No. 98–303.

Supreme Court of Wyoming.

June 9, 1999.

Gay Woodhouse, Attorney General; Ron Arnold, Senior Assistant Attorney General; and Clinton D. Beaver, Special Assistant Attorney General, Representing Appellant

George L. Simonton and Marcia Peterson of Simonton and Simonton, Cody, Wyoming, Representing Appellee

Before LEHMAN, C.J., and THOMAS, MACY, GOLDEN and HILL, JJ.

MACY, Justice.

Appellee Julie Haglund sought review in the district court of the hearing officer's order which upheld the decision by Appellant Wyoming Department of Transportation (the department) to suspend her driver's license. The district court reversed and remanded the matter to the hearing officer, instructing

him to order the department to return the driver's license to Haglund.

We affirm the district court's decision.

## ISSUE

The department presents a single issue for our review:

Does WYO. STAT. § 31-7-138(e)(i)(A) require the Department of Transportation to return Appellee's driver's license upon her acquittal on the DWUI charge, irrespective of a pending administrative suspension of the license?

## FACTS

On February 19, 1997, Haglund was involved in an automobile accident. When the patrolman arrived at the accident scene, he arrested Haglund and charged her with driving while under the influence of alcohol. Haglund submitted to a chemical test to determine the concentration of alcohol in her blood, and the test revealed that she had a blood alcohol concentration of 0.21 percent.

The department suspended Haglund's driver's license for ninety days. It did, however, issue a temporary driver's license to her. Haglund requested a hearing to challenge the suspension of her driver's license, and the department transferred the case to the Office of Administrative Hearings. A hearing officer held a contested case hearing on June 24, 1997. On August 15, 1997, the hearing officer upheld the suspension of Haglund's driver's license.

In the meantime, Haglund pleaded not guilty to the criminal charge. The county court held a bench trial on May 27, 1997. Haglund maintained that she was not intoxicated while she was driving her vehicle but that, after the accident occurred, she consumed a large quantity of alcohol during the time she was waiting for the patrolman to arrive. The county court judge ruled that the state did not prove beyond a reasonable doubt that Haglund was intoxicated while she was driving her vehicle, and he entered an order on July 18, 1997, acquitting Haglund of the charge of driving while under the influence of alcohol.

On August 22, 1997, Haglund notified the department that she had been acquitted of the criminal charge and asked for her driver's license to be returned to her. The department responded, stating that dismissal of the criminal action did not entitle Haglund to have her driver's license returned to her and informing her that, if she felt the administrative suspension of her license "should be dismissed for the same reason the criminal action was dismissed," she could appeal from the hearing officer's order.

Haglund filed a petition for review with the district court. The district court held a hearing and determined that Haglund was entitled to have her driver's license returned to her pursuant to the relevant statutes. The department appealed to this Court.

## STANDARD OF REVIEW

Wyo. Stat. Ann. § 16-3-114(c) (Michie 1997) governs judicial review of administrative decisions. W.R.A.P. 12.09(a); *Everheart v. S & L Industrial*, 957 P.2d 847, 851 (Wyo.1998). The issues presented in this case require us to interpret various statutes. Statutory interpretation is a question of law. *Newton v. State ex rel. Wyoming Workers' Compensation Division*, 922 P.2d 863, 864 (Wyo.1996); *Trefren v. Lewis*, 852 P.2d 323, 325 (Wyo.1993). We affirm an agency's conclusions of law when they are in accordance with the law. *Corman v. State ex rel. Wyoming Workers' Compensation Division*, 909 P.2d 966, 970 (Wyo.1996). When an agency has not invoked and properly applied the correct rule of law, we correct the agency's errors. *Weaver v. Cost Cutters*, 953 P.2d 851, 855 (Wyo.1998); *Gneiting v. State ex rel. Wyoming Workers' Compensation Division*, 897 P.2d 1306, 1308 (Wyo.1995).

## DISCUSSION

The department contends that the district court erred when it concluded that Haglund was entitled to have her driver's license returned to her. It argues that the district court misinterpreted the relevant statutes in reaching its conclusion. Haglund asserts that the district court's interpretation of the statutes and its ultimate decision that she

was entitled to have her driver's license returned to her were correct. We agree with Haglund.

Our rules of statutory interpretation are well established. We decide initially whether the statute is clear or ambiguous. *Lyles v. State ex rel. Division of Workers' Compensation*, 957 P.2d 843, 845 (Wyo.1998). This Court makes that determination as a matter of law. *Allied–Signal, Inc. v. Wyoming State Board of Equalization*, 813 P.2d 214, 220 (Wyo.1991); *see also Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1043 (Wyo. 1993). If we determine that a statute is clear and unambiguous, we give effect to the plain language of the statute. *Lyles*, 957 P.2d at 846; *Gunderson v. State*, 925 P.2d 1300, 1304 (Wyo.1996). In effectuating the plain language of the statute,

> [w]e begin by making an " 'inquiry respecting the ordinary and obvious meaning of the words employed according to their arrangement and connection.' " *Parker Land and Cattle Company v. Wyoming Game and Fish Commission*, 845 P.2d 1040, 1042 (Wyo.1993) (quoting *Rasmussen v. Baker*, 7 Wyo. 117, 133, 50 P. 819, 823 (1897)). We construe the statute as a whole, giving effect to every word, clause, and sentence, and we construe together all parts of the statute *in pari materia*.

*State Department of Revenue and Taxation v. Pacificorp*, 872 P.2d 1163, 1166 (Wyo. 1994). If, on the other hand, we determine that the statute is ambiguous, we resort to general principles of statutory construction to determine the legislature's intent. *Parker Land and Cattle Company*, 845 P.2d at 1044.

The department suspended Haglund's driver's license pursuant to Wyo. Stat. Ann. § 31–6–102(e) (Michie 1997). That provision states in relevant part:

> (e) If a person submits to chemical testing and the test result indicates the person has an alcohol concentration of ten one-hundredths of one percent (0.10%) or more, the peace officer shall submit his signed statement to the department. Based upon the statement the department shall suspend the person's Wyoming driver's license or his privilege to operate a motor vehicle in this state for ninety (90) days. If a criminal conviction results from the same incident on which a suspension under this subsection is based, the suspension under W.S. 31–7–128(b) or revocation under W.S. 31–7–127(a)(ii) shall be reduced by ninety (90) days.

Section 31–6–102(e). After the department suspended Haglund's license, it issued a temporary license to her in accordance with the relevant provisions of Wyo. Stat. Ann. § 31–6–102(f) (Michie 1997). That subsection states in pertinent part:

> (f) In addition to the signed statement submitted under subsection (d) or (e) of this section, the peace officer shall issue the person a temporary license similar to but in lieu of the license authorized under W.S. 31–7–138. This temporary license shall be valid for thirty (30) days, shall not be renewed, shall contain a notice that the person has twenty (20) days from the date of issuance within which to request a hearing from the department and that failure to timely request a hearing will result in the suspension automatically commencing upon expiration of the temporary license or upon expiration of any existing suspension or revocation if the person's license or privilege is suspended or revoked at the time the temporary license is issued. *W.S. 31–7–138(d) and (e) apply to a license under this section.*

Section 31–6–102(f) (emphasis added).

The county court acquitted Haglund of the criminal charge, and she asked the department to return her license to her pursuant to Wyo. Stat. Ann. § 31–7–138(e) (Michie 1997 & Supp.1998). That provision states in pertinent part:

> (e) Upon receipt of a record indicating the disposition of the arrest or citation which required surrender of the license:
>
> (i) Each Wyoming license surrendered under this section or pursuant to W.S. 31–5–1205(k) shall be:
>
> (A) Returned, if the licensee is not convicted and is otherwise entitled to receive the license. . . .

Section 31–7–138(e)(i)(A). The department refused to return Haglund's license to her, stating:

Since an alcohol related offense in Wyoming involves both the administrative and the criminal actions, dismissal of only the criminal action would not qualify licensee to receive the license back. The ninety (90) day administrative suspension action upheld by the Hearing Examiner, disqualifies Ms. Haglund from receiving her license back. She will not ·be "entitled" to receive the license until she has served the mandatory suspension and met the Department's requirements for reinstatement.

Section 31–6–102(f) provides for the issuance of a temporary license after a driver's license has been suspended under § 31–6–102(e). It specifically refers to § 31–7–138(e). Section 31–7–138(e) sets out two conditions which must be satisfied before a driver's license may be returned to the licensee: (1) The person must not be convicted of the criminal charge which led to the suspension of her license; and (2) she must be "otherwise entitled to receive the license." Section 31–7–138(e)(i)(A).

Haglund was acquitted of the charge of driving while under the influence and, consequently, satisfied the first condition of § 31–7–138(e)(i)(A). The parties disagree, however, as to whether she was "otherwise entitled to receive the license." Section 31–7–138(e)(i)(A). The meaning of that statutory language is, therefore, the crux of this case.

The department maintains that the administrative suspension of Haglund's license under § 31–6–102(e) prohibited her from being "otherwise entitled" to receive her license. Haglund argues that the "otherwise entitled" language applies to situations where the driver is not entitled to have her license returned to her for "some reason *other than* its confiscation under W.S. § 31–6–102(e)."

 We conclude that the "otherwise entitled" language of § 31–7–138(e)(i)(A) is clear and unambiguous when it is read together with the other relevant statutory provisions. The legislature specifically incorporated § 31–7–138(e) into § 31–6–102(f) and made the return of a license to a licensee under § 31–7–138(e) dependent upon the disposition of the criminal charge. By cross-referencing these statutory provisions, the legislature obviously intended that a driver is "otherwise entitled" to have her license returned to her once she has been acquitted of the criminal charge unless there is a reason, other than the suspension under § 31–6–102(e), to retain the license. *See Nowack v. State,* 774 P.2d 561, 568 n. 10 (Wyo.1989). If we were to interpret the statutory language as the department suggests, § 31–7–138(e)(i)(A) and the sentence in § 31–6–102(f) which refers to § 31–7–138(e) would be rendered virtually meaningless because very few acquitted drivers would be entitled to have their licenses returned to them. We do not believe that such an interpretation would be consistent with the legislature's intent.

There are instances, under our interpretation of § 31–7–138(e)(i)(A), in which an acquitted driver would not be "otherwise entitled" to have her license returned to her. Wyo. Stat. Ann. § 31–6–102(d) (Michie 1997) applies to persons who are arrested for driving while under the influence but refuse to submit to chemical testing. That statutory section does not state the penalty for refusing to submit to chemical testing. Instead, Wyo. Stat. Ann. § 31–6–107 (Michie 1997) provides that the department will suspend a driver's license upon receipt of the officer's statement that he had probable cause to believe the person was driving while under the influence and the person refused to submit to chemical testing. Unlike § 31–6–102(f), § 31–6–107 does not refer to § 31–7–138(e). Consequently, a driver who refused to submit to chemical testing and had her driver's license suspended under § 31–6–107 would not be "otherwise entitled" to have her license returned to her even if she were acquitted of the criminal charge of driving while under the influence. This result is consistent with the legislature's intent that drivers who refuse to submit to chemical testing should suffer different consequences than drivers who do allow the testing suffer. *Compare* § 31–6–102(e) *with* § 31–6–107; *see generally Glasrud v. City of Laramie,* 934 P.2d 1242, 1245–46 (Wyo.1997).

There are other situations in which an acquitted driver would not be "otherwise entitled" to have her license returned to her. A person who does not qualify to hold a Wyoming driver's license under the provisions of Wyo. Stat. Ann. § 31–7–108 (Michie 1997)[1] would not be entitled to have her license reinstated. Similarly, a person would not be "otherwise entitled" to have her driver's license returned to her if her license had previously been revoked or suspended under other statutory provisions; e.g., Wyo. Stat. Ann. § 31–7–127 (Michie 1997) (mandatory revocation of license for certain violations) or Wyo. Stat. Ann. § 31–5–234 (Michie Supp. 1998) (unlawful operation of vehicle by youthful driver with detectable alcohol concentration).

The department claims that its refusal to return Haglund's license to her was appropriate because an intoxicated driver may be subject to administrative sanctions, as well as to criminal penalties, for driving while she is intoxicated. This Court has declared that administrative suspensions are civil in nature and that an intoxicated driver may be subject to criminal punishment and to suspension of her driver's license. *Glasrud,* 934 P.2d at 1245–46; *see also State Department of Revenue and Taxation v. Hull,* 751 P.2d 351, 356 (Wyo.1988). Nevertheless, in § 31–7–138(e)(i)(A), the legislature specifically linked a person's right to have her driver's license reinstated to the disposition of her criminal prosecution. Accordingly, although the criminal and the administrative procedures are separate and distinct, the legislature directed in § 31–7–138(e)(i)(A) that the outcome of the criminal prosecution would affect the drivers' right to have her license returned to her. We refuse to disregard the legislature's clear directive.

The legislature has passed numerous laws in its bid to remove drunk drivers from our roadways. *See Glasrud,* 934 P.2d at 1245–46; *Nowack,* 774 P.2d at 567. Our decision in this case does not hinder that effort. The county court acquitted Haglund of driving while under the influence of alcohol because it accepted her defense that she did not become intoxicated until after the accident had occurred. Haglund was not, therefore, a drunk driver, and there is no need to prohibit her from driving.

Affirmed.

---

1. Section 31–7–108 provides:

(a) No driver's license shall be issued to any person who is under the age of sixteen (16) years, except as provided in W.S. 31–7–110 and 31–7–117(c).

(b) The division shall not issue or renew any driver's license to any person:

(i) Whose license or nonresident operating privilege is currently under suspension or revocation in this or any other state except as otherwise provided in this act;

(ii) Who is [a] habitual user of alcohol or any controlled substance to a degree rendering him incapable of safely driving a motor vehicle;

(iii) Who has previously been adjudged by a court of law to be mentally incompetent and who has not at the time of application been restored to competency by the methods provided by law;

(iv) Who has failed to successfully pass an examination required by this act;

(v) When the division has good cause from the examination administered to the person under W.S. 31–7–114, 31–7–121 or 31–7–122 to believe that the person by reason of physical or mental disability would not be able to safely operate a motor vehicle upon the highways;

(vi) Who is in violation of the immigration laws of the United States[;]

(vii) Who is under nineteen (19) years of age and who has been convicted of any offense regarding the possession, delivery, manufacture or use of a controlled substance or alcohol within the preceding twelve (12) months.

(c) The division shall not issue a new license to a person who has had his Wyoming license revoked or restore a person's revoked nonresident operating privilege until the division determines after investigation of the character, habits and driving ability of the person that the person has met the requirements adopted by the division by rule and demonstrated his ability to drive a motor vehicle safely and it is appropriate to restore the person's privilege to drive a motor vehicle.

(d) Subject to W.S. 31–7–313, a commercial driver's license or commercial driver instruction permit shall not be issued to a person while the person is subject to a cancellation, revocation, suspension or disqualification from driving a commercial motor vehicle.