STATE of Wisconsin, Plaintiff-Respondent,

v.

Akil C. JACKSON, Defendant-Appellant.†

Court of Appeals

*No. 2013AP1282–CR. Submitted on briefs February 12, 2014.
—Decided April 9, 2014.*

2014 WI App 50

(Also reported in 851 N.W.2d 465.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Theodore B. Kmiec III* of *Kmiec & Noonan, LLC*, Salem.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Michael C. Sanders*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Brown, C.J., Neubauer, P.J., and Gundrum, J.

¶ 1. GUNDRUM, J. Akil Jackson appeals from a judgment of conviction for operating a motor vehicle while intoxicated, fifth offense, and an order denying his motion to dismiss the information. Jackson contends he was improperly charged with and convicted of

OWI-fifth offense because two of the prior Illinois offenses that form the basis of the fifth offense designation—a statutory summary suspension and a reckless driving conviction—were improperly counted by the circuit court. We conclude that the trial court properly counted the statutory summary suspension as a prior conviction, but that the reckless driving conviction cannot be counted. We affirm in part, reverse in part and remand for further proceedings consistent with this opinion.

## BACKGROUND

¶ 2. In November 2011, Jackson was arrested for OWI, leading to a charge of OWI-fifth offense. He filed a motion to dismiss the charge on the grounds that his 1997 Illinois statutory summary suspension and 2003 Illinois reckless driving conviction—both used by the State as a basis for the fifth offense designation—were being improperly counted as prior convictions under WIS. STAT. § 343.307(1) (2011–12),[1] the OWI penalty enhancement statute. The circuit court concluded that both were properly counted. Jackson was eventually convicted of OWI-fifth offense. He appeals. Additional facts will be set forth as necessary.

## DISCUSSION

¶ 3. There are no relevant facts in dispute in this case. Interpretation and application of WIS. STAT. § 343.307(1) to undisputed facts is a question of law we review de novo. *State v. Carter*, 2010 WI 132, 330

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

Wis. 2d 1, ¶ 19, 794 N.W.2d 213. "The State bears the burden of establishing prior offenses as the basis for the imposition of enhanced penalties." *Id.*, ¶ 25.

*1997 Statutory Summary Suspension*

¶ 4. In 1997, Jackson was issued a citation for OWI and operating with a prohibited alcohol concentration (PAC) related to an Illinois driving incident. These charges were eventually dismissed, and he received a statutory summary suspension related to the incident. Jackson acknowledges that the Law Enforcement Sworn Report related to this suspension "clearly establishes that [he] did submit to chemical testing with the reported result being an alcohol concentration of .10" percent.

¶ 5. As relevant to this case, WIS. STAT. § 343.307(1) requires Wisconsin courts to count as prior offenses convictions from other jurisdictions which meet the following description:

> (d) Convictions under the law of another jurisdiction that prohibits a person from refusing chemical testing or using a motor vehicle while intoxicated or under the influence of a controlled substance or controlled substance analog, or a combination thereof; with an excess or specified range of alcohol concentration; while under the influence of any drug to a degree that renders the person incapable of safely driving; or while having a detectable amount of a restricted controlled substance in his or her blood, as those or substantially similar terms are used in that jurisdiction's laws.

Sec. 343.307(1)(d). Jackson contends the statutory summary suspension should not count as a prior offense because it is not a "conviction" under § 343.307(1)(d).

Adhering to our supreme court's decision in *Carter*, we conclude the statutory summary suspension is properly counted.

¶ 6. In *Carter*, the court considered whether a prior suspension of operating privileges under the Illinois "zero tolerance" law should be counted as a prior conviction under WIS. STAT. § 343.307(1). *Carter*, 330 Wis. 2d 1, ¶ 2. Quoting WIS. STAT. § 340.01(9r), the court determined that the term "conviction" in § 343.307(1)(d) means "an unvacated adjudication of guilt, or a determination that a person has violated or failed to comply with the law in a court of original jurisdiction or an authorized administrative tribunal." *Carter*, 330 Wis. 2d 1, ¶¶ 42, 47–48. The court observed that, under Illinois' zero tolerance law,

> [u]pon refusal to submit to the test or upon a test resulting in an alcohol concentration greater than 0.00, the Illinois arresting officer must file a sworn report with the Illinois Secretary of State and notify the driver of the sanction. Upon receipt of the officer's sworn report, the Secretary of State enters the appropriate sanction on the driver's record and notifies the driver of the sanction and the effective date.

> A driver can request an administrative hearing before the Illinois Secretary of State. The hearing is limited in scope and governed by the provisions applicable to administrative hearings before the Illinois Secretary of State. The Secretary of State may rescind, modify, or continue the sanction. The final decision of the Secretary of State is subject to judicial review.

> In Illinois, a suspension may result from refusal to submit to chemical testing or the consumption of even small amounts of alcohol. In Illinois a young driver whose license is suspended under the zero tolerance law for refusal to submit to chemical testing or for a test resulting in a blood alcohol concentration greater

103

than 0.00 but less than 0.08 ordinarily faces no other criminal prosecution.

*Id.*, ¶¶ 12–14.

¶ 7. The court, applying Wisconsin law to this understanding of Illinois' zero tolerance law, noted that our legislature intended WIS. STAT. § 343.307(1)(d) to "apply broadly to prior out-of-state conduct." *Carter*, 330 Wis. 2d 1, ¶¶ 39, 42. The court ultimately concluded that an Illinois zero tolerance suspension is a "conviction" because, looking to WIS. STAT. § 340.01(9r), it is "a determination that a person has violated or failed to comply with the law in an authorized administrative tribunal." *Carter*, 330 Wis. 2d 1, ¶¶ 51, 53. It so concluded because:

> [A]n initial determination that a person has violated or failed to comply with the law is made by the law enforcement officer. Upon submission of a report of the violation from the police officer to the Secretary of State, the Secretary of State appears to automatically affirm the suspension. The statutory procedure allows, however, for an appeal of the suspension to the Secretary of State. This appeal requires the Secretary of State, an authorized administrative tribunal, to make a determination as to whether the person has violated or failed to comply with the law. The decision of the Secretary of State is subject to judicial review.

*Id.*, ¶ 52 (citing *Arvia v. Madigan*, 809 N.E.2d 88, 98–99 (Ill. 2004)). The court emphasized that it did not matter that Carter did not actually seek administrative or judicial review of the Secretary of State's "initial decision" to "automatically affirm" the suspension; it was sufficient that he "had the opportunity to do so." *Id.*, ¶ 52 n.19. "Carter's failure to seek administrative or judicial review [of the Secretary of State's initial decision] in effect renders [that initial decision] a determination by an authorized administrative tribunal." *Id.*

¶ 8. As with Illinois zero tolerance suspensions, with an Illinois statutory summary suspension such as Jackson's, "an initial determination that a person has violated or failed to comply with the law is made by the law enforcement officer." *Id.*, ¶ 52; *see also* 625 ILL. COMP. STAT. 5/11–501.1(d) (1997). The officer immediately notifies the person of the statutory summary suspension and "immediately submit[s] a sworn report to the circuit court of venue and the Secretary of State, certifying either that . . . the person . . . submitted to testing that disclosed an alcohol concentration of 0.08 or more" or that the person refused to submit to required tests. *See* 625 ILL. COMP. STAT. 5/11–501.1(d), (f). Upon receipt of the sworn report, the Secretary of State appears to "automatically affirm" the suspension, which suspension, as Jackson notes, then goes into effect on the forty-sixth day following the date the notice was given to the person. *See* 625 ILL. COMP. STAT. 5/11–501.1(e), (g), (h) (as long as the sworn report is not defective, upon receipt of the report, the Secretary of State enters the statutory summary suspension for the periods specified, and "confirm[s] the . . . suspension by mailing a notice of the effective date of the suspension to the person and the court of venue"). While the State and Jackson agree that the person subject to suspension does not have a right to an administrative hearing before the Secretary of State, they also agree that the person may request a hearing before the circuit court to have the suspension rescinded. The court must hold the hearing upon such request. *See* 625 ILL. COMP. STAT. 5/2–118.1(b).

¶ 9. In attempting to distinguish summary suspensions from the zero tolerance suspensions analyzed by the *Carter* court, Jackson contends summary suspensions are not convictions because

> [t]here is no indication in 625 [ILL. COMP. STAT.] 5/11–501.1 that there is any process during which the Illinois Secretary of State adjudicates guilt or makes a determination that a person has failed to comply with the law . . . . [Rather, t]here is a process to petition the circuit court to rescind the suspension, but barring taking that action, it appears the suspension is automatic without a hearing or adjudication by the Secretary of State.

We see little distinction of import between the procedures in an Illinois statutory summary suspension and those in an Illinois zero tolerance suspension. In both, the Secretary of State affirms the suspension based on an officer's initial determination that the person has violated the law, as reflected in the officer's sworn statement. The person then has an opportunity to challenge the suspension judicially (summary suspension) or administratively and then judicially (zero tolerance).

¶ 10. We are unmoved by Jackson's complaint that the initial approval of the suspension by the Secretary of State appears to be "automatic" because this "automatic[] affirm[ance]" procedure is the procedure our supreme court in *Carter* determined was sufficient to constitute a conviction when the statutes afforded opportunity for further review. As the State points out, the *Carter* court specifically noted that it is of no import that the person did not actually seek review of the Secretary of State's apparently automatic initial suspension decision; the fact that the person has the opportunity for such review of the decision is sufficient to render it a determination by "an authorized administrative tribunal," i.e., a conviction. Following *Carter*, we conclude that Jackson's statutory summary suspension is a "conviction" under WIS. STAT. § 343.307(1)(d) because it is "a determination . . . in . . .

an authorized administrative tribunal" that Jackson "violated or failed to comply with the law."

¶ 11. Jackson also contends his Illinois statutory summary suspension should not count as a prior conviction because his related Illinois OWI and PAC charges were dismissed and Wis. Stat. § 343.23(4)(a) provides that administrative suspensions imposed in Wisconsin are to be purged from department of transportation files if the person is found not guilty in a court action arising out of the same occurrence or the action is otherwise dismissed. We agree with the State that the legislature could have chosen to adopt language ensuring a similar policy applied to out-of-jurisdiction suspensions, yet it did not do so. We will not usurp the role of the legislature and adopt such a policy ourselves.

¶ 12. For the foregoing reasons, Jackson's 1997 Illinois statutory summary suspension counts as a prior conviction under Wis. Stat. § 343.307(1).

*2003 Reckless Driving Conviction*

¶ 13. In 2002, Jackson was arrested in Illinois for OWI. The charge was thereafter amended to reckless driving, the charge to which Jackson ultimately pled and of which he was convicted in 2003. Jackson argues that the circuit court improperly considered this conviction as a prior conviction under Wis. Stat. § 343.307(1). We agree.

¶ 14. In considering whether a prior out-of-state conviction meets the requirements of Wis. Stat. § 343.307(1)(d), *Carter* instructs that we are to determine whether the out-of-state law of which the defendant has been convicted

prohibits conduct specified in Wis. STAT. § 343.307(1)(d), *namely refusing to submit to chemical testing; operating while intoxicated; operating while under the influence of a controlled substance or controlled substance analog, or a combination thereof; operating with an excess or specified range of alcohol concentrations; operating while under the influence of any drug to a degree that renders the person incapable of driving safely; or operating while having a detectable amount of a restricted controlled substance in his or her blood.*

*Carter*, 330 Wis. 2d 1, ¶ 45. Specifically, the *Carter* court looked to the conduct prohibited by the zero tolerance law which, as relevant to the court's analysis under § 343.307(1)(d), involved a driver under the age of twenty-one "refusing to submit to chemical testing or using a motor vehicle with an excess or specified range of alcohol concentration." *Carter*, 330 Wis. 2d 1, ¶¶ 11, 14, 46, 54–55. It then held that "in the context of the language of [§] 343.307(1)(d), an Illinois 'zero tolerance' suspension is a conviction under a law of another jurisdiction that prohibits refusal of chemical testing or prohibits using a motor vehicle with an excess or specified range of alcohol concentration." *Carter*, 330 Wis. 2d 1, ¶ 55.

¶ 15. Thus, pursuant to *Carter*, we must examine the conduct prohibited by the offense for which Jackson was convicted. The record indicates that Jackson pled to and was convicted of "Reckless Driving 11–503." As it read at the time of Jackson's 2002 arrest and 2003 conviction, 625 ILL. COMP. STAT. 5/11–503 stated:

(a) Any person who drives any vehicle with a willful or wanton disregard for the safety of persons or property is guilty of reckless driving.

625 ILL. COMP. STAT. 5/11–503 (as amended, P.A. 88–679, § 15, eff. July 1, 1995). Even considering the broad "catch

all" phrase at the end of Wɪs. Sᴛᴀᴛ. § 343.307(1)(d)—"as those or substantially similar terms are used in that jurisdiction's laws"—and the directive that we should apply § 343.307(1)(d) "broadly to prior out-of-state conduct," *Carter*, 330 Wis. 2d 1, ¶ 42, we cannot conclude that the conduct prohibited by the reckless driving charge for which Jackson actually was convicted permits that conviction to qualify as a prior conviction under § 343.307(1)(d). Every term in subsection (1)(d) relates in some way to a person operating a motor vehicle with either drugs or alcohol, or both, in his or her system. That critical aspect is completely absent from the reckless driving offense of which Jackson was convicted.

¶ 16. The State has pointed to no language in subsection (1)(d) suggesting Jackson's reckless driving conviction qualifies as a prior conviction thereunder, nor do we find any. Instead, the State asks us to expand the language of Wɪs. Sᴛᴀᴛ. § 343.307(1)(d)—which, again, counts prior out-of-jurisdiction *convictions*—by asking us to look at what offense was originally charged, what sanctions were imposed by the court on the reckless driving conviction, and how that conviction would preclude Jackson from being placed on supervision for a subsequent OWI conviction in Illinois. It is the job of the legislature, however, not the courts, to amend statutes. *See State v. Briggs*, 214 Wis. 2d 281, 288, 571 N.W.2d 881 (Ct. App. 1997) ("We assume that the legislature deliberately chooses the language it uses in a statute. To accept [the defendant's] interpretation of [the statute at issue] is to expand the meaning of the statute to the point that we engage in rewriting the statute, not merely interpreting it." (Citation omitted.)). Here, in addition to the legislature choosing the alcohol and drug-related terms, it also chose the term "convictions." It certainly could have adopted (or can adopt) language that would allow

109

for the counting of reckless driving convictions that stem from an initial OWI charge, or based upon the sanctions imposed or the potential future impact of the conviction; it has not, however, done so. *See id.* at 288 ("Whether this statute is wise is not a matter for this court to decide. That decision was made by the legislature and, if it is to be reconsidered, the legislature is the body to undertake such an endeavor."). The State has conceded and we agree that Jackson's 2003 conviction was for reckless driving; the initial charge, sanctions, and potential future consequences are of no moment.

¶ 17. We conclude that the State has failed to meet its burden of establishing that Jackson's 2003 Illinois reckless driving conviction counts as a prior conviction under Wis. Stat. § 343.307(1). *See Carter*, 330 Wis. 2d 1, ¶ 27.

## CONCLUSION

¶ 18. Based on the above, we affirm the circuit court's determination that Jackson's 1997 Illinois statutory summary suspension is a prior conviction under Wis. Stat. § 343.307(1). However, we conclude that the circuit court improperly counted Jackson's 2003 Illinois reckless driving conviction as a prior conviction. We therefore remand for the circuit court to enter an amended judgment of conviction against Jackson for OWI-fourth offense and to resentence Jackson based upon his conviction for that offense.

*By the Court.*—Judgment affirmed in part; reversed in part and cause remanded with directions.