COURT OF APPEALS

DECISION

DATED AND FILED

October 24, 2019

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2019AP884-CR**

Cir. Ct. No. **2018CT469**

**STATE OF WISCONSIN**

**IN COURT OF APPEALS
DISTRICT IV**

STATE OF WISCONSIN,

PLAINTIFF-APPELLANT,

V.

JEFFERY SCOTT WIGANOWSKY,

DEFENDANT-RESPONDENT.

APPEAL from a judgment of the circuit court for Jefferson County: WILLIAM F. HUE, Judge. *Reversed and cause remanded.*

¶1     BLANCHARD, J.[1]     Under Wisconsin's penalty structure for operating while intoxicated (OWI) offenses, the level of offense severity is determined in part by "the total number of [driving privilege] suspensions,

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

revocations, and *other convictions* counted under [WIS. STAT.] § 343.307(1)." WIS. STAT. § 346.65(2)(am)2. (emphasis added). Pertinent here, one paragraph in § 343.307(1) provides that "convictions" for counting purposes include those imposed under the law of another state that prohibits "an excess or specified range of alcohol concentration" in the blood of an operator. Sec. 343.307(1)(d).

¶2 Here, a Wisconsin prosecutor charged Wiganowsky with a second OWI offense based on the allegation that a Wyoming "Blood Alcohol Content violation"—not a formal conviction, but instead the result of a Wyoming administrative process—counts as a first OWI "conviction" under the Wisconsin OWI counting law. I will refer to this as "the Wyoming BAC violation." Wiganowsky argued successfully in the circuit court that the Wyoming BAC violation should not count as a prior "conviction" under WIS. STAT. § 343.307(1)(d) and that, therefore, this case involves only a first offense.

¶3 Following the reasoning of opinions of our supreme court and the court of appeals, I conclude that the State has carried its burden of establishing that the Wyoming BAC violation is a valid basis for imposition of the enhanced penalty, and accordingly reverse. *See State v. Carter*, 2010 WI 132, ¶¶38, 43, 59, 330 Wis. 2d 1, 794 N.W.2d 213 (interpreting "convictions" counted under WIS. STAT. § 343.307(1)(d) to include administrative suspensions under Illinois law); *State v. List*, 2004 WI App 230, ¶¶2-3, 7, 10-11, 277 Wis. 2d 836, 691 N.W.2d 366 (interpreting "convictions" counted under § 343.307(1)(d) to include an Illinois court's placement of a person charged with OWI on court supervision).

¶4 As pertinent to the issues on appeal, the State charged Wiganowsky with second-offense OWI based on an alleged drunk driving incident in Jefferson County. The amended complaint alleged that this was a second offense due to the

Wyoming BAC violation on Wiganowsky's driving record. More specifically, the State took the position that Wyoming records establish that the Wyoming BAC violation is a "conviction" for purposes of counting under WIS. STAT. §§ 343.307(1)(d) and 340.01(9r). I now summarize these two statutes.

¶5     WISCONSIN STAT. § 343.307(1)(d) provides in pertinent part:

> (1) The court shall count the following … to determine the penalty …:
>
> ….
>
> (d) Convictions under the law of another jurisdiction that prohibits a person … with an excess or specified range of alcohol concentration; ….

*See Carter*, 330 Wis. 2d 1, ¶¶29-30 (explaining that this is the correct way of excerpting § 343.307(1)(d), even though the provision is "not a model of clarity"). From this point forward, I refer to § 343.307(1)(d) as "(1)(d)."

¶6     WISCONSIN STAT. § 340.01(9r) provides in pertinent part:

> "Conviction" or "convicted" means … a determination that a person has violated or failed to comply with the law in … an authorized administrative tribunal, … in this state or any other jurisdiction.

*See Carter*, 330 Wis. 2d 1, ¶¶31-43 (explaining that the definition of "conviction" in § 340.01(9r) applies to the term "convictions" in (1)(d); overruling the holding in *State v. Machgan*, 2007 WI App 263, 306 Wis. 2d 752, 743 N.W.2d 832, that the definition of "conviction" in § 340.01(9r) does not supply the definition of "convictions" in (1)(d)). I will refer to § 340.01(9r) as "(9r)."

¶7     Wiganowsky moved the circuit court to dismiss the amended complaint on the ground that the Wyoming BAC violation does not count for purposes of (1)(d), because it does not meet the definition of "conviction" in (9r).

¶8      In response, the State conceded that the Wyoming records that the State relies on do not reflect a disposition that Wyoming would deem a criminal conviction—that is, Wiganowsky was not convicted of a violation of WYO. STAT. ANN. § 31–5–233 (West 2019) (providing criminal penalties, including for a first offense, for "[d]riving or having control of vehicle while under influence of intoxicating liquor or controlled substances").[2]     Instead, the State made representations to the following effects, none disputed by Wiganowsky.

¶9      In 2015, Wiganowsky was charged in Wyoming with drunk driving as a first offense, an alleged violation of criminal law.  But the Wyoming prosecuting authority permitted him to enter into a deferred prosecution agreement, which did not require him to enter a plea of guilty or no contest to the criminal charge.  Wiganowsky successfully fulfilled his obligations under the deferral agreement and, as a result, the criminal case was dismissed, leaving no Wyoming criminal conviction on his record.  At the same time, however, his conduct in the same incident resulted in the Wyoming BAC violation:  his driving privileges were administratively suspended, based on the alleged blood test result of an alcohol concentration of .08 or greater.[3]  Wiganowsky failed to successfully contest this administrative suspension, as he could have at least attempted to do under Wyoming law.[4]

_____

[2] All references to the Wyoming Statutes Annotated are to the July 2019 version unless otherwise noted.

[3] Wyoming law provides that if an operator's blood test reveals a blood alcohol concentration above .08 percent, the operator's license is administratively suspended.  WYO. STAT. ANN. § 31–6–102(e).

[4] A suspended operator has the opportunity to challenge that status through an administrative review process.  *See Wyoming Dept. of Transp. v. Haglund*, 982 P.2d 699, 703 (Wyo. 1999).  Separately, Wiganowsky's certified driving record, which was submitted to the
(continued)

4

¶10    With that background, the State argued that the reasoning of our supreme court in *Carter*, which I discuss below, resolves this issue in the State's favor.

¶11    The court disagreed and dismissed the amended complaint based on arguments advanced by Wiganowsky.  The State appeals.

¶12    "The proper interpretation of a statute and case law raises questions of law that we review de novo." *State v. Starks*, 2013 WI 69, ¶28, 349 Wis. 2d 274, 833 N.W.2d 146.

¶13    I now summarize *List* and *Carter* in chronological order.  *Carter* cites *List* with approval, and reading the cases together resolves this appeal.  I discuss *List* first because the court in *List* used broader language to explain its understanding of pertinent legislative intent than did the court in *Carter*, but the broad language in *List* is not inconsistent with any statement in *Carter*, and *List* remains good law.[5]

---

circuit court in this case, reflects that his operating privileges were suspended by Wyoming for the full "effective" period under the imposed administrative suspension.

[5] I briefly observe that there may be theoretical tension on one point between the two opinions.  One passage in *State v. List*, 2004 WI App 230, ¶¶9-10, 277 Wis. 2d 836, 691 N.W.2d 366, seems to simply say that Wisconsin courts apply Wisconsin law to determine if administrative events in other jurisdictions are countable under Wisconsin statutes—that is, the question is not whether an out-of-state administrative action is a "conviction" under that state's laws, but instead is a "conviction" under (9r) and (1)(d).  However, parts of this passage, read in isolation, could possibly suggest that Wisconsin courts cannot examine the laws of other states to determine whether a prior offense counts as a conviction under the terms of (1)(d).  But even assuming that dubious interpretation of that passage in *List*, our supreme court in *State v. Carter*, 2010 WI 132, 330 Wis. 2d 1, 794 N.W.2d 213, makes clear that Wisconsin courts may consider the laws of other states for this purpose and *Carter* controls.  *See id.* at ¶¶9-14, 18, 24-25, 50-65; *see also* *State v. Jackson*, 2014 WI App 50, ¶14, 354 Wis. 2d 99, 851 N.W.2d 465 ("*Carter* instructs that we are to determine whether *the out-of-state law* ... 'prohibits conduct specified in [the applicable Wisconsin statute].'" (emphasis added) (quoting *Carter*, 330 Wis. 2d 1, ¶45)).

¶14    Like Wiganowsky, List was charged in Wisconsin with second offense OWI and argued that an alleged prior violation occurring outside Wisconsin should not count as a "conviction" under (1)(d). ***List***, 277 Wis. 2d 836, ¶1.[6] Also as in Wiganowsky's case, the prior out-state-violation against List had been generated by resolution of a drunk-driving charge. ***Id.***, ¶¶2-3, 5. In List's case, however, this had not resulted in an outside-Wisconsin administrative suspension as in Wiganowsky's case. Instead, an Illinois court had placed List on 18 months of court supervision. ***Id.*** Upon successful completion of the court supervision, List was not adjudicated of guilt or convicted under Illinois law. ***Id.***

¶15    List argued that, under (1)(d), the only outside-Wisconsin OWI offenses that count are those that result in a *formal conviction* under the laws of the other state, and because his court supervision did not count as a formal conviction under Illinois law, it should not be counted under (1)(d). ***List***, 277 Wis. 2d 836, ¶5. This is so, List argued, because the opening phrase in (1)(d)—"[c]onvictions under the law of another jurisdiction"—means that, under the laws of the other state, the disposition at issue must be a deemed a formal conviction, not something like court supervision. ***Id.***, ¶¶5, 7.

¶16    The ***List*** court rejected this argument. Interpreting the statutory language "in the context in which it is used; not in isolation but as part of a whole," *see* ***State ex rel. Kalal v. Circuit Court for Dane County***, 2004 WI 58, ¶46, 271 Wis. 2d 633, 681 N.W.2d 110, the ***List*** court determined that the phrase "under the law of another jurisdiction" does "not delimit[] 'convictions,'" but

---

[6] The court in ***List***, interpreted both (1)(d) and (9r) from the 2001-02 version of the statutes, but there is no difference in language from the current version of the statute that could matter.

instead "introduce[es] and pertain[s] to 'that prohibits' and the remainder of the paragraph." *List*, 277 Wis. 2d 836, ¶7. As part of its analysis, the court observed that the final phrase in (1)(d)—"as those or substantially similar terms are used in that jurisdiction's laws"—"indicates the broad scope of para. (d)." *Id.*, ¶8. Significantly, the court noted that this means that "Wisconsin even counts prior offenses committed in states with OWI statutes that differ significantly from our own." *Id.*

¶17    Turning to (9r), the *List* court determined that an Illinois disposition of court supervision is a "conviction," because it "was a result of a determination that [List had] 'violated or failed to comply with the law in a court of original jurisdiction,'" and therefore counts as a conviction as defined by Wisconsin law. *List*, 277 Wis. 2d 836, ¶10 (quoting (9r)).

¶18    What the court stated next is notable for purposes of this appeal, because it rejected the proposition that the Wisconsin legislature contemplated that a deferred prosecution agreement in a drunk driving case in another jurisdiction renders any disposition arising from the same incident uncountable:

> Further, as the State notes, because Wisconsin does not permit deferred prosecution agreements for alcohol-related driving offenses, *to give preferential treatment at sentencing to those convicted in states that permit such agreements would be inconsistent with the policy choice of our legislature*. Counting offenses committed in other states effectuates the purposes of OWI and repeater statutes in general. *State v. Neitzel*, 95 Wis. 2d 191, 193, 289 N.W.2d 828 (1980) ("Because the clear policy of the statute is to facilitate the identification of drunken drivers and their removal from the highways, the statute must be construed to further the legislative purpose."); *State v. Banks*, 105 Wis. 2d 32, 49, 313 N.W.2d 67 (1981) ("[T]he purpose of general repeater statutes is to increase the punishment of persons who fail to learn to respect the law after suffering the initial penalties and embarrassment of conviction.").

*List*, 277 Wis. 2d 836, ¶11 (emphasis added). The first step of the reasoning here is that the legislature enacted the counting-related statutes, such as (1)(d) and (9r), in pursuit of a broad policy purpose to deter and punish repeat drunk driving. The second step is that, with this broad purpose in mind, the statutes contemplate that, when defendants are arrested on drunk driving charges in other states and this results in alternatives to formal conviction (court supervision, deferred prosecution, diversion), this necessarily implies determinations by the other states that the defendant "violated or failed to comply with the law" within the meaning of (9r) and these are countable "convictions." And, the reasoning proceeds, Wisconsin courts should not give defendants "preferential treatment" for Wisconsin OWI counting purposes based on the fact that a defendant was able to take advantage of one of these alternatives available in the outside-Wisconsin jurisdiction.

¶19 Turning to *Carter*, Carter was charged in Wisconsin with a fourth offense OWI and argued that it should be a second offense, because two prior Illinois suspensions of operating privileges on Carter's driving record should not count as prior "convictions" under (1)(d).[7] *Carter*, 330 Wis. 2d 1, ¶¶6-7, 28-65. Unlike the court supervision imposed on List, but like Wiganowsky's Wyoming BAC violation, the suspensions in Carter's Illinois cases were the products of an

---

[7] The parties in Carter also disputed whether Carter's Illinois suspensions counted under Wis. Stat. § 343.307(1)(e) (counting "[o]perating privilege suspensions … under the law of another jurisdiction arising out of a refusal to submit to chemical testing"), but the court determined that Carter's "driving record does not provide sufficient information to conclude that the suspensions arose from refusals to submit to testing." *Carter*, 330 Wis. 2d 1, ¶¶22-27. I discuss § 343.307(1)(e) no further and focus on the court's discussion of (1)(d).

Separately, the court in *Carter*, interpreted both (1)(d) and (9r) from the 2007-08 version of the statutes, but there is no difference in language from the current version of the statutes that could matter.

Illinois administrative process that Carter had not successfully challenged in either instance. *Id.*, ¶¶10-14.

¶20    As pertinent here, under the Illinois administrative process, when a chemical test showed that an operator under age 21 had a blood alcohol concentration greater than 0.00 but less than 0.08, the operator's privilege could be administratively suspended, but the operator "ordinarily" faced no criminal prosecution. *Id.*  In the event of such an administrative suspension, the youthful operator could request a hearing before the Illinois Secretary of State to challenge it, and the secretary's decision was subject to judicial review. *Id.*, ¶¶11-13.  Like Wiganowsky, Carter had failed to successfully challenge either of his administrative suspensions.

¶21    With that background, the *Carter* court held that "in the context of the language of WIS. STAT. § 343.307(1)(d)," an Illinois administrative suspension of the type Carter received "is a conviction under a law of another jurisdiction that prohibits … using a motor vehicle with an excess or specified range of alcohol concentration." *Id.*, ¶55.  That is, Carter's suspensions "fall squarely within the prohibited conduct listed" in (1)(d). *Id.*, ¶¶55-56.  This is because the suspensions "are convictions under WIS. STAT. §§ 340.01(9r) and 343.307(1)(d) as administrative determinations in an authorized administrative tribunal that a person has violated or failed to comply with a law and that the conduct prohibited under the Illinois law falls squarely within conduct specifically prohibited in" (1)(d). *Id.*, ¶56; *see also* **State v. Jackson**, 2014 WI App 50, ¶14, 354 Wis. 2d 99, 851 N.W.2d 465.

¶22    Notably, the court in *Carter* recognized that Wisconsin has "absolute sobriety" statutes similar to the Illinois laws that resulted in Carter's

9

administrative suspensions, but also recognized that under WIS. STAT. § 343.307, the similar Wisconsin sanctions are *not* counted under Wisconsin law.[8] ***Carter***, 330 Wis. 2d 1, ¶¶15-17, 59-60. This did not prevent the court from proceeding to analyze whether, despite these differences, Wisconsin law recognizes the Illinois suspensions as prior "convictions" for counting purposes. ***Id.***, ¶18; *see also **id.***, ¶¶63-64.

¶23 Affirming the approach of the court in ***List***, the court in ***Carter*** made the unqualified statement that the pertinent portion of (1)(d) "should be read" to provide that "convictions under the law of another jurisdiction that prohibits a person from using a motor vehicle with an excess or specified range of alcohol concentration" shall be counted. ***Id.***, ¶30. "This interpretation comports with the text (and its punctuation) and fulfills the objectives of the OWI statutes to prohibit both operating while intoxicated and operating when tests show a prohibited alcohol concentration in excess of that permitted by statute." ***Id.***

¶24 Also affirming the approach of the court in ***List***, the court rejected Carter's argument that the definition of "conviction" in (9r) does not apply in (1)(d). ***Carter***, 330 Wis. 2d 1, ¶36. "Applying the definition of 'conviction' under [(9r)] to the word 'convictions' in [(1)(d)] comports with the text of the statutes and the legislative policy choice evidenced in the legislative history of [(1)(d)] and [§ 343.307(1)(e)] to ensure that [(1)(d) and (1)(e)] apply broadly to prior out-of-state conduct." ***Id.***, ¶¶42-43 & n.16 (overruling ***Machgan***, 306 Wis. 2d 752, ¶16,

---

[8] The court cited revocation as a penalty for the youthful driver in Wisconsin who improperly refuses to submit to a test for prohibited alcohol concentration under WIS. STAT. §§ 346.63(2m), 343.305(10)(em) and suspension as a penalty for the youthful driver in Wisconsin who operates a motor vehicle with an alcohol concentration of more than 0.00 but less than 0.08 under WIS. STAT. § 343.30(1p). ***Carter***, 330 Wis. 2d 1, ¶¶15-17; *see also **id.***, ¶¶59-60.

which had held that a Missouri alcohol-related administrative suspension of driver's license did not count under § 343.307(1)).

¶25 Consistent with the *List* court's statement about not giving "preferential treatment" to those favored by outside-Wisconsin statutory schemes or practices, the court's conclusion in *Carter* was based in part on legislative history of (1)(d), reflecting "that the legislature intended the scope of [(1)(d)] to be broad." *Id.*, ¶39. The history includes the decision of the legislature in 1989 to remove the requirement that "only violations of other statutes in conformity with Wisconsin law" are counted. *Id.*, ¶39 & n.14.

¶26 In sum, the court in *Carter* held that the meaning of the phase "[c]onvictions" "under 'the law of another jurisdiction that prohibits'" in (1)(d), means that the non-Wisconsin jurisdiction "need only have a law that prohibits conduct specified in WIS. STAT. § 343.307(1)(d)," which as pertinent here includes "operating with an excess or specified range of alcohol concentrations." *Id.*, ¶44-45.

¶27 All of the discussion in *List* and *Carter* summarized above establishes that the Wyoming BAC violation here, which is the prior conviction alleged in the amended complaint, must be counted under Wisconsin law. That is, under those cases, the Wyoming BAC violation was a "determination" by an authorized administrative tribunal that Wiganowsky failed to comply with a Wyoming law prohibiting a specified concentration of alcohol in his blood while operating and Wiganowsky should not receive "preferential treatment" on the ground that Wyoming authorities had the ability to, and did, offer him a deferral option to resolve a criminal charge. On appeal Wiganowsky fails to present a

11

developed argument to the contrary. I now discuss two brief contentions he makes.

¶28 Wiganowsky purports to base his first argument on a Wyoming court interpretation of a Wyoming statute in a case with facts that differ significantly from those presented here. *See Wyoming Dept. of Transp. v. Haglund*, 982 P.2d 699, 702-03 (Wyo. 1999). *Haglund* holds that outright acquittal, based on affirmatively proven innocence, on a criminal drunk driving charge in Wyoming may preclude or truncate a Wyoming administrative suspension based on the same incident, under a Wyoming statute that establishes the conditions that must be satisfied before authorities must return a driver's license to a licensee following a suspension. *Id.* (interpreting WYO. STAT. ANN. § 31–7–138(e)(i)(A)). Wiganowsky argues that, applying the reasoning in *Haglund* here, the decision of Wyoming prosecutors to defer Wiganowsky's criminal charges had the effect of vacating the Wyoming BAC violation under Wyoming law, and therefore the Wyoming BAC violation could not be a "conviction" under (1)(d) and (9r).

¶29 I reject this argument on the ground that the court in *Haglund* limits its analysis of the Wyoming statute to the acquittal-based-on-factual-innocence scenario. There is no starting point for Wiganowsky's argument, given this limited holding in *Haglund*, because it explicitly rests on the determination that, when the trial court "accepted" Haglund's defense that she had not driven drunk, this stood as a valid finding that she was not in fact intoxicated at the time at issue in the suspension, and therefore "there is no need to" continue with the suspension. *See Haglund*, 982 P.2d at 703. In sharp contrast, Wiganowsky was deferred, not "acquitted," on the Wyoming criminal drunk driving charge, nor was

there any finding by any court or agency that he did not have the alleged excess blood alcohol concentration.

¶30 Wiganowsky's second argument is that the allegations of the amended complaint fail to state or give rise to reasonable inferences sufficient to support the further allegation that the Wyoming BAC violation counts under Wisconsin OWI law. This argument may have two, alternative parts: (1) the amended complaint is too vague, or is incomplete, in referencing the Wyoming BAC violation; or (2) even if it makes sufficiently clear, complete references to the Wyoming BAC violation, it is insufficient to explain why the Wyoming BAC law counts under Wisconsin law.

¶31 The first possible part of this argument would have no merit. Wiganowsky fails to point to any missing element in what the amended complaint alleged:

> The defendant's driving record/Criminal History reflects one (1) prior <u>suspension</u> as counted under § 343.307(1)(d) and 340.01(9r), Wis. Stats., to wit: Blood Alcohol Content violation (Wyoming), **1st Offense** (12/25/2015 violation; <u>1/24/2016 suspension effective date</u>). His certified driving record from the State of Wyoming reflects a per se administrative suspension for operating a motor vehicle with a blood alcohol concentration of .08 or greater.

(Emphasis in original.) If the purported missing element is that this language does not include reference to the criminal charge that resulted in a deferral, this argument would go nowhere. To repeat, the basis for the OWI-level determination is the valid Wyoming BAC violation alone.

¶32 The second possible part of this argument is completely undeveloped. And, in any case, the allegation in the amended complaint raises a

13

clear inference that an authorized administrative entity in Wyoming had determined that Wiganowsky had operated with "an excess" alcohol concentration, and this would be sufficient to allege a prior conviction for Wisconsin OWI counting law purposes under *List* and *Carter* for the reasons discussed above.

*By the Court*.—Judgment reversed and cause remanded.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.